**RED ARROW FREIGHT LINES, Inc. v. AMERICAN FIDELITY & CASUALTY CO., Inc.**

No. 14134.

Court of Civil Appeals of Texas. Dallas.

Nov. 4, 1949.

Rehearing Denied Dec. 2, 1949.

Goggans & Ritchie, Dallas, for appellant.

Leachman, Matthews & Gardere, and Henry D. Akin, all of Dallas, for appellee.

CRAMER, Justice.

Appellee brought this suit, claiming $10,945.02 in unpaid premiums on an automobile liability policy No. PT NY 14705 issued by it to appellant for the year April 1, 1947 to March 31, 1948. Appellant admitted a debt, but filed a counterclaim for refund of $15,659.32 covering certain premiums paid on a fleet policy No. PT NY 12440 covering the prior year, April 1, 1946 to April 1, 1947. On trial the judgment was for appellee for $10,945.02 on its claim,

and denied appellant recovery of the $15,659.32 sued for in its cross action. This appeal involves only the denial of relief to appellant on its cross action.

It is undisputed that the fleet policy was issued, effective April 1, 1946; that such policy contained provision known as 29B reading as follows: "It is agreed that the Bodily Injury Liability and Property Damage Liability Coverages of the policy to which this endorsement is attached are subject to experience rating by the Board of Insurance Commissioners, and that the experience modification applicable will apply from the effective date of such modification, and the premium adjustment will be made in accordance with these approved modifications."

This was in accordance with a general rule adopted by the Board of Insurance Commissioners as authorized by art. 4682b, § 1, Vernon's Ann.Civ.St.

Shortly after April 1, 1946, endorsement 29A was added to the policy, effective as of April 1, 1946. Endorsement 29A sets the rate under the loss experience applicable to the policy.

On February 26, 1947, J. P. Gibbs, Casualty Commissioner, through the Director, Automobile Division, wrote appellee advising it that since there had been a major change of the stock of the appellant corporation in the early part of 1944, the risk in question did not have the one-year nine-months exposure necessary for the 29A endorsement, and therefore such endorsement was canceled as of its original effective date.

March 11, 1947, the Commissioner, through such Director, advised appellee's attorney that endorsement 29A was withdrawn in view of information filed with the department evidencing a change of ownership of stock in Braydon Flying Service, Inc., which corporation owned a substantial portion of the stock of appellant corporation. On August 8, 1947, the Commissioner, through such Director, advised appellee that unless its information should be shown to be erroneous, the risk was subject to manual rates until it qualified under the new ownership.

On August 21, 1947, appellee, because of such letters, issued its endorsement 64 canceling the experience debits covered by endorsement 29A. August 27, 1947, appellee issued another endorsement to the effect that the endorsement of August 21 was withdrawn and canceled, since such endorsement was issued under the compulsion of an invalid directive on an expired policy without consideration or any legal basis.

October 3, 1947, the Commissioner, through the Assistant Casualty Actuary, wrote appellee to adjust the premium charge in accordance with their ruling, and that the August 27 endorsement 64 was not approved.

The record does not disclose a formal hearing, a request by any party for such formal hearing, a written order of the Board of Commissioners ordering a hearing, or any official order of the Board with reference to the matter. The cancellation, if any, of endorsement 29A, was solely by reason of letters between appellee and the Casualty Insurance Commissioner, through the Director of the Automobile Division and the Assistant Casualty Actuary. No judicial or administrative action has been taken with reference to the removal of endorsement 29A, other than this original suit in district court.

Appellant assigns three points of error: (1) Appellee cannot collaterally attack the order of the Board of Insurance Commissioners authorizing refund to appellant, not having exhausted its administrative remedies before filing suit; (2) in the alternative to point 1, the judgment should be reversed because the experience rating endorsement, not having been approved by the Board, is void; and (3) the judgment should be reversed because the Board was correct in its holding that a change in the management negatived appellant's being experience rated.

Appellee assigns six counter points: (1) The directive by the Casualty Commissioner withdrawing the experience rating endorsement is not an order of the Board; therefore no attack is being made on an order of the Board; (2) courts have jurisdiction of a rate application question as

distinguished from the Board of Insurance Commissioners' exclusive jurisdiction in rate fixing; (3) the evidence raises the question of the approval of endorsement 29A by the Board; therefore it is not void; (4) the law is mandatory that eligible risks be experience rated and a correct premium charged, with or without proper endorsement on the policy; (5) the evidence supports the trial court's finding that appellant's fleet of automobiles had been under one ownership for the required exposure period before April 1, 1946; and (6) that appellant's fleet of automobiles had been under one direct operation management for the required exposure prior to April 1, 1946, so as to meet the requirements of the Texas automobile experience rating plan adopted by the Board of Insurance Commissioners as authorized by § 1, art. 4682b, Vernon's Annotated C.S.

Appellant's points 1 and 2 and appellee's counter points 1 to 4, inclusive, will be considered together.

■ It is necessary in passing on these questions to distinguish between the authority of the Board of Insurance Commissioners as to rate making which is legislative in character and governed by all the limitations applicable to legislation, and rate application which is open to review and change at all times, as to past or present mistakes, if any have been made. See Brown & Root, Inc., v. Traders & General Ins. Co., Tex.Civ.App., 135 S.W.2d 534. In this case the endorsement 29B was a valid and binding one under the Board's rate making power; but its application, for the purpose of rate determination, is governed by facts existing at the beginning, during, and at the expiration of the policy period; that is, as to who had the control, and who was the direct operating manager of the fleet of trucks involved after the transfer of the capital stock of appellant during the policy period. Which is the proper forum — the Board of Insurance Commissioners or the district court? If it is the Board of Insurance Commissioners, then the Casualty Insurance Commissioner having passed on each fact, is his finding of fact, without the action of the Board, final?

Prior to 1927 the entire duties of the present Board of Insurance Commissioners was handled by a single Commissioner and, as a result, all statutes on the subject at that time, with reference to insurance, carried the word "Commissioner" when referring to his duties.

■ In 1927 the 40th Legislature created the present Board of Insurance Commissioners. It provided (art. 4682a, Vernon's Annotated C.S.): "All the powers, duties and prerogatives heretofore vested in or devolving upon the Commissioner of Insurance or the State Insurance Commission or any member thereof as now constituted by statute shall hereafter be had, enjoyed, and exercised by the Board of Insurance Commissioners as herein created. * * *" It also provided (art. 4679c, Vernon's Annotated C.S.) for the duties of the three Commissioners, Life, Fire and Casualty, composing the Board of Insurance Commissioners. It provides further "* * * The Board shall nevertheless operate as a whole, and a majority vote of the members shall be necessary to official action." It is clear, therefore, that under the facts here there has been no action by the Board of Insurance Commissioners from which an appeal could have been taken. The Casualty Insurance Commissioner, alone, under this record, passed on the matter. Such was not the action of the Board, under the clear wording of the statute. His determination alone was not final or binding on any one.

We therefore hold that there has been no final order of the Board of the Insurance Commissioners on the material question above set out. This holding is not in conflict with the case of United Employers Casualty Co. v. Pearlman, Auto Parts & Supply Co., Tex.Civ.App., 173 S.W.2d 374 (error ref.). The opinion therein specifically set out and referred to actions of the Board of Insurance Commissioners, in the opinion sometimes referred to as "Commission." There having been no final action by the Board of Insurance Commissioners on the fact questions here, or approval order thereon, our holding is not in conflict with the judgment of the Court of

Civil Appeals in Brown & Root v. Traders & General Ins. Co., 135 S.W.2d 534 (writ ref. cor. judg.). It is in conflict with part of the reasoning in the opinion. However, the judgment affirmed the trial court that had enforced the classification made by the department which the opinion refers to and defines as the Board of Insurance Commissioners and the Casualty Insurance Commissioner.

The Legislature could have made the action of one Commissioner final unless appealed to the Board or to a court within a designated time, but it did not do so. It provided for an appeal to the courts only after the action of the Board through at least two of its members. The Board not having passed upon the facts and entered its order, which was a prerequisite to this action in the District Court, the court had no jurisdistion of the cross action.

■ We are of the opinion, under the facts in this record, that, should we be wrong in our holding on jurisdiction, appellant's fleet of trucks was subject to experience rating, since appellant, a corporation, at all times operated the fleet of trucks and, as an entity, through its officers and directors, was the direct operating manager of such fleet of trucks; that the transfer of a majority of its stock from one set of stockholders to another would not affect such corporation as being, through its agents, the direct manager of such fleet of trucks.

The judgment in favor of appellee for $10,945.02, not complained of here, is left undisturbed. The judgment against appellant on its counterclaim for $15,659.32 is reversed and here dismissed for want of jurisdiction, without prejudice to either party making application to the Board of Insurance Commissioners for a proper ruling and order by the Board, acting through at least two members thereof, on the eligibility of the risk for an experience rating and the dates of any changes therein,—which final order, when made by such Board, may then be taken into the courts as provided by statute.

Affirmed in part; and in part reversed and dismissed for want of jurisdiction.