ALAMO EXPRESS, Inc. v. AMERICAN FIDELITY & CAS. CO., Inc.

No. 12408.

Court of Civil Appeals of Texas. San Antonio.

June 18, 1952.

Rehearing Denied July 16, 1952.

Maynard F. Robinson, San Antonio, for appellant.

Brewer, Matthews, Nowlin & Macfarlane, San Antonio, for appellee.

NORVELL, Justice.

The trial court's findings and conclusions show the nature and result of the suit and are as follows:

"Findings of Fact

"1. On June 21, 1946, the plaintiff, American Fidelity and Casualty Company, Inc., issued its certain insurance policy No. NY–PT 12520 to J. L. Walker and L. T. Hunt, doing business as Alamo Express. Said policy provided for bodily injury and property damage insurance on the fleet of trucks operated by the Alamo Express as a common carrier.

"2. On October 9, 1946, an endorsement No. 29–A applying the modification of a debit of 6% bodily injury and a debit of 44% for property damage was attached to said policy which provided for an additional premium of $1,621.21.

"3. An endorsement was attached to the policy amending the name of the insured to read: 'J. L. Walker and L. T. Hunt, doing business as Alamo Express, and/or Alamo Express, Inc.' The endorsement shows an effective date of October 1, 1946.

"4. On or about October 1, 1946, the Alamo Express, Inc., was incorporated as a corporation and the Alamo Express, Inc., acquired all the rights and assets of J. L. Walker and L. T. Hunt, doing business as Alamo Express, and assumed the liabilities of J. L. Walker and L. T. Hunt, doing business as Alamo Express.

"5. That from time to time as additional equipment was acquired by J. L. Walker and L. T. Hunt, doing business as Alamo Express, or by Alamo Express, Inc., endorsements were placed on said policy covering such additional equipment and likewise when equipment was sold or retired by J. L. Walker and L. T. Hunt, doing business as Alamo Express, or by Alamo Express, Inc., endorsements were placed on said policy eliminating such abandoned, or disposed of equipment.

"6. That the total premium that became due and owing under the terms of said policy with endorsements during the life of said policy from July 1, 1946, to July 1, 1947, was the sum of $13,147.13.

"7. That J. L. Walker and L. T. Hunt, doing business as Alamo Express, and Alamo Express, Inc., paid to the American Fidelity and Casualty Company, Inc., the sum of $11,781.72 on the premiums due under the terms of said policy during the year from July 1, 1946, to July 1, 1947.

"Conclusions of Law

"1. That Alamo Express, Inc., a corporation by virtue of transfer of all assets of J. L. Walker and L. T. Hunt, doing business as Alamo Express, and the assumption of all liabilities of J. L. Walker and L. T. Hunt, doing business as Alamo Express, by Alamo Express,

604

Inc., and by virtue of endorsement placed on the policy amending the name of the insured to read, 'J. L. Walker and L. T. Hunt, doing business as Alamo Express, and/or Alamo Express, Inc.', the Alamo Express, Inc., became liable to American Fidelity and Casualty Company, Inc., on all premiums due under the terms of policy No. NY–PT 12520 effective July 1, 1946, to July 1, 1947.

"2. That the total premium due on said policy amounted to the sum of $13,147.13 to which defendant is entitled to a credit in the sum of $11,781.72.

"3. That the plaintiff should therefore recover of and from the defendant, Alamo Express, Inc., the sum of $1,365.41 with interest thereon at the rate of 6% per annum from January 1, 1948."

Appellant's points do not attack the findings of fact but refer to the court's rulings upon special exceptions, a plea in abatement, a plea of estoppel and like matters. Said points seemingly present three primary contentions:

■ First: Appellant, who was defendant below, contended that it was entitled to a fleet discount on insurance premiums by reason of an agreement with a representative of the appellee company. It was not plead that the policy bore an endorsement allowing a fleet discount. In absence of such allegation, the pleading was defective. Article 4682b, Vernon's Ann.Civ.Stats. (now Sections 5.01 to 5.12, inclusive, of the Insurance Code, V.A.T.S.), relating to the fixing of rates for automobile insurance, provides that "any contract or agreement not written into the application and policy shall be void and of no effect". Article 4682b, § 5, Ins.Code, Art. 5.06. The trial court's ruling was correct.

■ Second: Appellant contends that from and after October 1, 1946, the corporation, Alamo Express, Inc., should be charged the normal or manual rate and not with the experience debit of its predecessor partnership. Appellant pleaded that the corporation had succeeded to all interests of the partnership and it was not alleged that the Insurance Commission had promulgated a new experience rating for the corporation. Based upon this failure, appellee excepted to the answer. The matter of experience rating is placed under the control of the State Insurance Commission by Articles 4682a and 4682b, §§ 1 to 5, inclusive, Ins. Code, Arts. 1.02 and 5.01 to 5.06, incl. The case of Red Arrow Freight Lines v. American Fidelity & Casualty Company, Inc., Tex.Civ.App., 225 S.W.2d 240, supports the trial court's ruling and appellant's points attacking the same are overruled.

■ Third: Appellant contends that the court erred in overruling its plea in abatement and plea of estoppel. It appears that after the sustaining of certain exceptions, appellant was given thirty days in which to amend its pleadings. During that period a hearing was had before the State Insurance Commission with reference to rate and claimed fleet discount affecting the premiums due on the policy here involved. This matter was directed adversely to appellant's contentions and it thereupon filed suit in one of the district courts of Travis County seeking redress from the ruling of the Commission. Article 4682b, § 10, Vernon's Ann.Civ.Stats., Ins.Code, Art. 5.11. Appellant insists that the participation of appellee in this hearing before the Commission upon a matter that obviously affected its interests has in some way estopped it from proceeding with this suit in the Bexar County District Court, or has abated such suit. We are unable to agree with appellant's contentions. The State Insurance Commission has statutory jurisdiction over automobile insurance rates and classifications under the articles above cited. Those rates and classifications have been set. Appellee's suit was based thereon. The Bexar County District Court has jurisdiction of a suit to collect unpaid insurance premiums and that jurisdiction is not defeated by an application made, after such suit was filed, to the Insurance Commission seeking a review of rates and classifications theretofore established. The trial court was correct in overruling the pleas of abatement and estoppel, and holding that essentially the suit

was one "on a sworn account based on credit extended by the insurer to the insured."

Appellant's points failing to disclose a reversible error, the judgment appealed from is affirmed.