**T. L. McDONEL, Appellant,**

v.

**Burt AGAN, Appellee.**

No. 10925.

Court of Civil Appeals of Texas.

Austin.

Jan. 24, 1962.

Rehearing Denied Feb. 14, 1962.

486

McDonald, Spann & DeAnda, Corpus Christi, for appellant.

Mahoney, Shaffer & Hatch, Corpus Christi, for appellee.

HUGHES, Justice.

This suit was commenced by appellee, Burt Agan, doing business as Agan Insurance Agency, against T. L. McDonel, in the form of a sworn account to recover $779.41 shown by such account to be due appellee for unpaid insurance premiums on policies written and issued by appellee for appellant. By an amended petition appellee enlarged the amount of his claim to $850.58 and, in addition, sought the recovery of $145.00 as attorneys' fees, interest and costs.

By an amended answer, appellant pleaded, in part:

"Plaintiff classified defendant's insurance risks and coverages wrongly, thereby charging the defendant higher premiums for insurance than the defendant needs, operations and classifications justified."

In addition, appellant filed a cross action in which he sought recovery of $996.58 for alleged overpayment of his account with appellee, reasonable attorneys' fees and costs. The basis of this cross action is found in these paragraphs therefrom:

"In the latter part of February and the month of March, 1960, the defendant advised the plaintiff that he had reason to believe he was being classified in higher premium categories than his business operations called for, and that he had been issued policies resulting in double coverage and had been issued policies that provided no coverage. The defendant ordered the plaintiff to cancel such policies or for those that were about to expire, to notify him of the expiration so that he could replace them in the proper classifications and at a lesser cost. This the plaintiff failed to do to the defendant's loss and damage in the amount of $996.58.

"The defendant furthermore shows that the plaintiff has issued unnecessary insurance polices creating double insurance, that he has issued insurance that granted no coverage, has rated and classified the defendant's business in higher premium brackets, which actions and conduct on the part of the plaintiff went unnoticed until just prior to notification to cancel, to the defendant's loss and damage in at least the

amount of Nine Hundred Ninety Six Dollars & Fifty eight cents ($996.58) over and above any offsets or credits claimed by the plaintiff."

In a nonjury trial judgment was rendered for appellee for the amount of its account $850.58, and for $145.00 attorneys' fees and for interest at 6% per annum from date of judgment. Appellant was denied any relief under his cross action. The reason for this denial is found in the judgment from which we quote:

"* * * it appearing that the Texas Insurance Commission having not ruled and entered an order on the facts, urged by the defendant, of classifications and endorsements for the purpose of rate determination, the Court is of the opinion and finds that this Court does not have jurisdiction to consider such facts; * * *

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that said Judgment herein ordered shall in no wise prejudice any right, remedy or defense available to defendant through the Texas Insurance Commission."

■ By a much, and needlessly, belabored Bill of Exceptions[1] No. 3, appellant showed the offer of evidence and expert testimony in support of his pleaded defenses, the objection to it, the statement of appellant's counsel of the purpose of such evidence and the ruling of the Court excluding it. We set out these proceedings, without, however, giving a résumé of the testimony and evidence offered:

"Q Now, Mr. White, do you—what information do you use, Mr. White, in issuing policies concerning the opera-

tion of the trucks of Chief's Moving and Storage in connection with their operation as agent for Global and also their operation in the State of Texas?

"MR. MAHONEY: If the Court please, at this time we renew our previous objection and restate as follows. The plaintiff objects for the reason that the question seeks to elicit from the witness information which is immaterial and irrelevant so far as—and inadmissible so far as the issues involved in this case are concerned for reason that the Court does not have jurisdiction to determine the question of what rate classification or whether there was error in rate classification, or how and under what circumstances or what manner Chief's Moving and Storage should be classified and rated, and therefore has no probative value in so far as the issues before the Court at this time.

"THE COURT: Your objection is sustained.

"MR. SPANN: Very well. Your Honor, let me say that I offer this in rebuttal of the claim of the Plaintiff that they issued policies of insurance for which they are entitled to collect premiums; that this is in rebuttal of their petition which claims that they are entitled to the premiums shown on their account; this is offered to rebut the claim that their account is a just account; this is offered in rebuttal of their affidavit that all just and lawful offsets against this account have been allowed; this is offered to show that Agan Insurance Company did not charge the legal premium provided by

---

1. Appellant prepared and submitted to the Trial Court for approval Bills of Exception Nos. 1 and 2 presenting the testimony of appellee and the witness Harold White relative to the defenses pleaded by him. These bills were disallowed because, as the Court stated "having been submitted to adverse counsel, who objected to the narrative form, thereof pur-

suant to R.C.P. 377(a) and by reason thereof said bill" is disallowed. The rule referred to does not relate to this matter. Rule 372, Texas Rules of Civil Procedure, which does regulate preparation of Bills of Exception does not require that evidence offered, and rejected, be set out in question and answer form.

the manual; that is offered to show that the Agan Insurance Company issued a policy which under the manual would come under Exception 3 of Rule 34, having Endorsement 129a attached, giving him only the coverage provided by it, and to show that he actually charged the premium that the manual provided to be charged for a policy issued under Exception No. 2, which gives him a Class of 2, less twenty per cent.

"THE COURT: Well, the Court's ruling is on the basis that it is a fact question—condition precedent to the Court taking jurisdiction must be decided upon by the Board of Insurance Commissioners.

"MR. SPANN: All right, sir. I would like to go ahead and develop this evidence on bill of exception.

"THE COURT: All right."

If appellee's objection is sound, then one half of this case, appellee's half, has been tried and the other one half, appellant's half, has been relegated to the State Board of Insurance for trial. We are not informed in what manner, time or place the twain shall meet.

The Trial Court must have found that the insurance premiums charged by appellee for the policies issued to appellant were proper and in accordance with the rules, regulations, rates, classifications and manual of the Insurance Board. This was essential to the judgment rendered. Yet, the Court refused to hear evidence of appellant to the contrary.

■ If the State Board of Insurance has jurisdiction to hear and determine one side of this controversy, it should have jurisdiction to hear it all. It is our opinion that the State Board of Insurance has no jurisdiction of a suit on a sworn account, be the account for insurance premiums or for butter and eggs. If it has, then the fall and decline of the judicial branch of the Government is well on its way.

Appellant disclaims, and his disclaimer is substantiated by the record, any attack on any rule, regulation, rate, classification, manual, policy form or order of the State Board of Insurance. In fact, he affirmatively states that he is relying "upon the classifications, rates, endorsements, policy forms, rules and regulations established by the Board."

■ It is, therefore, obvious, and we so hold, that this suit is not within the purview of Art. 5.11, Texas Insurance Code, V.A.C.S., which provides in part that "Any policyholder or insurer shall have the right to a hearing before the Board on any grievance occasioned by the approval or disapproval by the Board of any classification, rate, rating plan, endorsement or policy form, or any rule or regulation established under the terms hereof, such hearing to be held in conformity with rules prescribed by the Board."

Appellee states that: "The language of the above statute makes it clear that any policyholder or insurer shall have the right to a hearing before the Board on any grievance occasioned by a dispute which arises over any classification, rate, rating, plan, endorsement or policy form, or any rule or regulation established under the terms."

We completely disagree with this statement. This statute limits the Board to hearing grievances occasioned by the Board's approval or disapproval of the matters mentioned. It is the order, etc. alone, which is subject to review. The statute contains no language intimating that the Board is vested with jurisdiction of disputes between third parties arising from the enforcement or application of the rules and regulations of the Board.

The only case cited by appellee in support of the Trial Court's ruling on lack of jurisdiction is Red Arrow Freight Lines v. American Fidelity and Casualty Company, Inc., 225 S.W.2d 240, Dallas Civil Appeals, no writ history. This case involved a cross

action by appellant for the refund of overpaid insurance premiums. The question was whether or not the appellant corporation, due to a change in its corporate structure, was entitled to an experience rate authorized by an endorsement on its policies. The Court held that the Insurance Board not having acted on the matter, the Court was without jurisdiction to do so. In its opinion the Court stated:

"There having been no final action by the Board of Insurance Commissioners on the fact questions here, or approval order thereon, our holding is not in conflict with the judgment of the Court of Civil Appeals in Brown & Root v. Traders & General Ins. Co., 135 S.W.2d 534 (writ ref. cor. judg.). It is in conflict with part of the reasoning in the opinion."

The case cited [Brown and Root] was also a cross action for overpayment of premiums due to erroneous rate classification according to its experience record. Recovery was allowed. The opinion is long, and we quote only the following therefrom:

"The Legislature is competent to set up an agency to prescribe insurance rates and apply them to workmen's compensation insurance policies, and can, of course, vest such agency with ample powers to enable it to function properly. But the Legislature cannot deprive the courts of their judicial function to determine the legal rights of insurance companies and policy holders, consequent upon a correction being made in rate-application by such legislative agency, and vest such purely judicial function in such agency. Neither has the Legislature attempted to deprive the courts of such judicial function and confer it upon the Insurance Department, nor does the Department pretend to any authority to exercise such judicial function. * *

"There is nothing very unusual about errors being made in the application of

rates, where rates are prescribed by law. The instance most familiar to all is that of freight rates. The occasion for most suits to recover reparation for overcharges or undercharges on shipments of freight, is the claim that some one wrongfully classified the commodity which was the subject-matter of the shipment, and that there was, as a consequence, the wrong rate applied and collected.

"* * * the Department could not abolish the right to recover, and the obligation to make, reparation consequent upon correcting a rate-application, nor deprive the courts of jurisdiction over the action to recover such reparation."

Other cases involving the right to sue for additional premiums or excessive insurance premiums paid due to misapplication of rates or classifications are Oil Well Drilling Co. v. Associated Indemnity Corp., 153 Tex. 153, 264 S.W.2d 697, Alamo Express Co. v. American Fidelity and Casualty Co., 250 S.W.2d 602, San Antonio Civil Appeals, no writ history, Texas Soap Mfg. Co. v. American Automobile Ins. Co., 227 S.W.2d 376, Galveston Civil Appeals, writ ref., N.R.E., and Houston Fire and Casualty Ins. Co. v. Farm Air Service, 325 S.W.2d 860, Austin Civil Appeals, writ ref., N.R.E.

In Alamo Express, supra, the Court, Justice Norvell writing, held:

"The State Insurance Commission has statutory jurisdiction over automobile insurance rates and classifications under the articles above cited. Those rates and classifications have been set. Appellee's suit was based thereon. The Bexar County District Court has jurisdiction of a suit to collect unpaid insurance premiums and that jurisdiction is not defeated by an application made, after such suit was filed, to the Insurance Commission seeking a review of rates and classifications theretofore established. The trial court was correct

in overruling the pleas of abatement and estoppel, and holding that essentially the suit was one 'on a sworn account based on credit extended by the insurer to the insured.' "

Our suit [Houston Fire, supra] was on a sworn account to recover additional insurance premiums on the ground that certain employees had been misclassified under classifications established by the Insurance Board. Neither the parties, the Trial Court, this Court nor the Supreme Court questioned the jurisdiction of the courts to determine the issue.

We have no doubt concerning the jurisdiction of the Trial Court to hear and determine the entire controversy here presented.

The judgment of the Trial Court is reversed and this cause is remanded.

Reversed and remanded.