**WESTLAND FILM
INDUSTRIES, Appellant,**

v.

**The STATE BOARD OF INSURANCE
of the State of Texas, et al.,
Appellees.**

No. 14275.

Court of Appeals of Texas,
Austin.

May 29, 1985.

Rehearing Denied Oct. 2, 1985.

Second Rehearing Denied Oct. 23, 1985.

J. Stephen Ravel, Daugherty, Kuperman, Golden & Morehead, Austin, for appellant.

David C. Duggins, Clark, Thomas & Winters, Austin, for Texas Catastrophe Property Ins. Assn.

Jim Mattox, Atty. Gen., Bradley Seals, Asst. Atty. Gen., Austin, for State Bd. of Ins. and Com'r of Ins.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

GAMMAGE, Justice.

Westland Film Industries [Westland] seeks review of the judgment of the trial court affirming an action by the State Board of Insurance [Board]. We will reverse the judgment of the trial court and remand the cause for trial on the merits.

A resort motel owned by Westland in Corpus Christi was severely damaged by a May 1980 tornado. The motel was insured under a policy of insurance issued by the Texas Catastrophe Property Insurance Association [Association], which failed to accept Westland's proof of loss. On September 9, 1980, Westland filed suit against the Association which responded with general and special denials on September 29, 1980. Westland therein alleged that the Association denied its claim on May 26, 1980. That cause of action was non-suited in July 1981 and Westland resubmitted its proof of loss to the Association in August 1981. The Association rejected Westland's claim on September 9, 1981.

On October 7, 1981, Westland sought to appeal to the Board pursuant to Tex.Ins. Code Ann. art. 21.49, § 9 (1981), which provides, in pertinent part:

## APPEALS

Sec. 9. Any person insured pursuant to this Act, or his duly authorized representative, or any affected insurer who may be aggrieved by an act, ruling or decision of the Association, may, within 30 days after such act, ruling or decision, appeal to the Board.

Westland then alleged that its claim was initially denied on September 9, 1981. Finding that Westland was aggrieved by such action of the Association on May 26, 1980, the Board dismissed the appeal because more than 30 days had elapsed since Westland had become "aggrieved." Westland, on April 12, 1982, filed this suit in the trial court, which rendered summary judgment that Westland take nothing. It is from this judgment that Westland appeals to this Court. Westland here contends that the trial court erred in granting summary judgment dismissing the suit.

The Association argues, in support of the summary judgment dismissing Westland's suit, that Section 9 of the Act, set out above, prescribes the exclusive and mandatory remedy of an "aggrieved" insured. Specifically, it contends that the failure of Westland to timely exhaust its administrative remedies precludes Westland from enforcing the subject insurance agreement.[1] We disagree.

The movant for a summary judgment bears the burden of proving that he is entitled to judgment as a matter of law. Tex.R.Civ.P.Ann. 166A (Supp.1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). In order to warrant the summary judgment of dismissal in this case, the Association was required to establish that there was *no* basis for jurisdiction in the trial court. This it did not do.

Westland's petition in the trial court alleged all of the necessary elements of a breach of contract action. It alleged that an insurance policy was issued to it by the Association; the insured property had been

---

**1.** The parties stipulated that the only issue here presented is the determination of when Westland became "aggrieved" for the purpose of Section 9. As a stipulation of law, it is not binding on the parties or this Court. *See Reynolds v. McMan Oil & Gas Co.*, 11 S.W.2d 778, 786 (Tex. 1928); *American Bankers Insurance Company v. Black*, 466 S.W.2d 616, 620 (Tex.Civ.App.1971) rev'd on other grounds, 478 S.W.2d 434 (Tex. 1972); *Travelers' Indemnity Co. v. De Witt*, 207 S.W.2d 641, 643 (Tex.Civ.App.1948, no writ).

damaged by an event within the purported scope of coverage; the policy was in full force and effect at the time of the occurrence; and Westland had timely filed a proper proof of loss which was denied. Westland's prayer for relief, in addition to seeking review of the action of the State Board of Insurance, also sought any other relief to which Westland might show itself justly entitled.

The agreement Westland seeks to enforce is in the form of an ordinary insurance contract. It provides the rights and obligations of the respective parties and defines its own duration, scope of coverage, and remedies. The policy of insurance was issued to Westland by the Association in a contract form approved by the Board as contemplated by the Act and provides for a two-year limitations period. It is silent on the issue of venue. The policy contains no reference to the Act, the State Board of Insurance, or the administrative appeal process as defined in Section 9. By contrast, it does provide that disputes over the amount of loss suffered may be submitted to an umpire selected by a judge of the district court in the district where the loss occurred.

▌ In the face of these provisions, and considering the nature of Westland's suit as a contractual claim, it is difficult to assume jurisdiction in the Board for purposes of adjudicating the claim. Nowhere in the Act is the Board expressly and specifically empowered to make a binding determination of the parties' rights and obligations, nor to make awards under insurance contracts written by the Association. The Act does not purport to supply a substitute system of rights and remedies for those recognized by the common law in the enforcement of contractual rights. The Act further omits any legally cognizable standards through which the Board, an administrative agency, should exercise the discretion with which it purports to vest itself.

Section 9 of the Act provides only that any insured "who may be aggrieved by an act, ruling, or decision of the Association may ... appeal to the Board and the Board shall affirm, reverse, or modify ... the act, ruling or decision appealed to the Board." It does not appear that the Legislature intended that the Association's denial of a claim under such an insurance contract be an "act, ruling or decision of the Association" which must be timely appealed to and resolved by the Board before any suit on the contract may be filed in district court. Two courts of appeals have apparently assumed this to be true without expressly considering the question. *Rowden v. Texas Catastrophe Property Insurance Association*, 677 S.W.2d 83 (Tex.App.1984, writ ref'd n.r.e.); *Texas Catastrophe Property Insurance Association v. Miller*, 625 S.W.2d 343 (Tex.Civ.App.1981, no writ). We respectfully urge a new analysis of this question.

▌ The Board can exercise "only such authority as is conferred upon it by law in clear and unmistakable terms and the same will not be construed as being conferred by implication." *Key Western Life Ins. Co. v. State Board of Insurance*, 163 Tex. 11, 350 S.W.2d 839, 848 (1961). Moreover, it is generally agreed that administrative agencies are not authorized to adjudicate contractual rights and obligations between parties. 73 C.J.S. *Public Administrative Bodies and Procedure* § 68 (1951).

This Court has also previously indicated that general statutory provisions authorizing the Board to review acts of subordinate officials do not confer any authority on the Board to adjudicate such rights and obligations. In *McDonel v. Agan*, 353 S.W.2d 485 (Tex.Civ.App.1962, writ dism'd), an insurance agency sued the insured for unpaid premiums and the insured counter-claimed for excessive premiums paid. The claims depended on whether the proper rate classifications had been applied to the insured risk. The district court dismissed the insured's counter-claim for lack of jurisdiction on the grounds that the question pertaining to rate classifications was within the primary and exclusive jurisdiction of the Board. This Court reversed, stating as follows:

It is our opinion that the State Board of Insurance has no jurisdiction of a suit on a sworn account, be the account for insurance premiums or for butter and eggs. If it has, then the fall and decline of the judicial branch of the Government is well on its way.... [T]he statute contains no language intimating that the Board is vested with jurisdiction of disputes between third parties arising from the enforcement or application of the rules and regulations of the Board. *Id.* at 488.

*See also Blount v. Metropolitan Life Insurance Co.,* 677 S.W.2d 565 (Tex.App. 1984, writ ref'd n.r.e.); *Brown & Root v. Traders & General Insurance Co.,* 135 S.W.2d 534 (Tex.Civ.App.1939, writ ref'd).

If at all possible, we must construe the Act as constitutional. *Smith v. Decker,* 312 S.W.2d 632 (Tex.1958); *Prudential Health Care Plan v. Commissioner of Insurance,* 626 S.W.2d 822 (Tex.App.1981, writ ref'd n.r.e.). We may not accept the Association's proffered construction of the Act and meet that mandate.

■ The Association's argument that the Board has been vested with this judicial authority by implication is not valid. We may not imply that the use of the word "aggrieved" in Section 9 of the Act vests the Board with such judicial authority. An administrative agency may not be vested with authority by implication nor does it possess any inherent powers. *Board of Insurance Commissioners v. Guardian Life Insurance Co.,* 142 Tex. 630, 180 S.W.2d 906, 908 (1944). Even were this implication to be entertained, it would constitute an illegal delegation of judicial power, because of the Act's lack of any standards or criteria through which the power may be exercised. *Texas Antiquities Commission v. Dallas County Community,* 554 S.W.2d 924 (Tex.1977).

■ While the Legislature may arguably abrogate the common law right to enforce contractual obligations, it may not do so without providing a substitute system of rights, obligations and remedies. Tex. Const. Ann. art. I, § 13 (1984); *see Lebohm*

*v. City of Galveston,* 154 Tex. 192, 275 S.W.2d 951, 954 (1955), and *Middleton v. Texas Power & Light Co.,* 108 Tex. 96, 185 S.W. 556 (1916), aff'd, 249 U.S. 152, 39 S.Ct. 227, 63 L.Ed. 527 (1919). The Association's contention that Westland's contractual claim is a statutory cause of action to be administratively adjudicated is without merit in the absence of statutorily provided standards or criteria for the determination of such claims, together with a failure to provide a substitute system of rights, obligations and remedies.

The Association is essentially an assigned risk pool. It provides casualty insurance for property owners in high risk areas who would otherwise be unable to reasonably secure insurance. Other assigned risk plans have been statutorily established with the similar purpose of providing insurance to those to whom it is not otherwise reasonably available: automobile liability insurance, Tex.Rev.Civ.Stat.Ann. art. 6701h, § 35 (1971); medical malpractice liability insurance, Tex.Ins.Code Ann. art. 21.49-3 (1981). Both of these statutory plans provide for an administrative appeal process, yet the contention has apparently never been made that such *administrative* process must be used to determine the *liability* of the insurer to the insured under the contract. It has likewise not been held that, because the risk plans are statutorily created, enforcement of policies issued pursuant to them present statutory causes of action to be dealt with administratively. Although some disputes between the insured and the Association may obviously be resolved by the administrative appeal process prescribed in the act, liability on the contract is not one of them.

■ While we are unable to conclude that the *Board* is vested with the authority to adjudicate common law contract claims, it does not follow that the *trial court* lacked jurisdiction over Westland's common law cause of action. The Association did not satisfy its burden of proof to support the granting of a summary judgment on the contract claim. It was required to

show, in addition to the lack of jurisdiction in the Board, that the trial court had no other basis of jurisdiction. Rule 166A, *supra; City of Houston v. Clear Creek Basin Authority, supra.* Westland's trial petition adequately states a common-law contract claim within the subject matter jurisdiction of the trial court, which stands uncontradicted in the record.

We therefore reverse the summary judgment. We further hold that the trial court proceeded on the wrong theory in failing to adjudicate the contract claim. In the interest of justice, *Morrow v. Shotwell,* 477 S.W.2d 538 (Tex.1972), we reverse the judgment and remand the cause to the trial court for trial on the merits as an ordinary common-law action for breach of an insurance contract.

PHILLIPS, C.J., not participating.

## ON MOTION FOR REHEARING

The Texas Catastrophe Property Insurance Association [Association] moves for rehearing, raising eleven points of error which argue essentially that this Court erred in reversing the summary judgment below on issues not presented to the trial court and in holding that Westland Film Industries [Westland] alleged a common law cause of action for breach of contract. We will overrule the motion for rehearing.

 While the Association correctly argues that a non-movant, in replying to a motion for summary judgment, must raise at that time all grounds in opposition to the motion, it is also true that he must raise only those grounds that are pertinent to the assertions made in the motion for summary judgment. *Chessher v. Southwestern Bell Telephone Co.,* 658 S.W.2d 563 (Tex.1983); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.1972). *See also Roskey v. Texas Health Facilities Commission,* 639 S.W.2d 302 (Tex.1982), where the Supreme Court explains the cited portion of its holding in the *Clear Creek* opinion.

In the present case, the non-movant, Westland, had no duty to raise the issue of its common law cause of action for breach of the insurance contract because this issue was not addressed in the Association's motion for summary judgment.

The Association further argues that there is no pleading below to support the common law cause of action for breach of contract. As we pointed out in our original opinion, Westland's petition alleges all necessary elements of a contract, as well as the denial of a claim under the contract.

The motion for rehearing is overruled.