**WESTLAND FILM INDUSTRIES, Appellant,**

v.

**The STATE BOARD OF INSURANCE of the State of Texas, et al., Appellees.**

**No. 14275.**

Court of Appeals of Texas, Austin.

April 30, 1986.

Rehearing Denied May 28, 1986.

J. Stephen Ravel, Daugherty, Kuperman, Golden & Morehead, Austin, for appellant.

David C. Duggins, Clark, Thomas & Winters, Austin, for Texas Catastrophe Property Ins. Ass'n.

Jim Mattox, Atty. Gen., Bradley Seals, Asst. Atty. Gen., Austin, for State Bd. of Ins. and Com'r of Ins.

Before SHANNON, C.J., and EARL W. SMITH and GAMMAGE, JJ.

GAMMAGE, Justice.

Westland Film Industries sued the Texas Catastrophe Property Insurance Association and the State Board of Insurance in the Travis County District Court seeking review of a final order of the Board dismissing as untimely Westland's administrative proceeding against the Association. The trial court rendered summary judgment that Westland take nothing, thereby affirming the Board's order. On appeal, this Court reversed and remanded the cause to the trial court. *Westland Film Industries v. State Board of Insurance*, 697 S.W.2d 621 (Tex.App.1985). The Supreme Court reversed the judgment of this Court and remanded this cause for review of Westland's points of error. *State Board of Insurance v. Westland Film Industries*, 705 S.W.2d 695 (Tex.1986). We now affirm the judgment of the trial court.

A resort motel in Corpus Christi, owned by Westland and insured under a policy issued by the Association, was severely damaged by a tornado in May 1980. The Association failed to accept Westland's proof of loss, and Westland filed suit on September 9, 1980, alleging that the Association had denied its claim on May 26, 1980. The Association responded with general and special denials on September 29, 1980. That cause of action was non-suited in July 1981 and Westland resubmitted its proof of loss to the Association in August 1981. The Association again rejected Westland's claim on September 9, 1981.

On October 7, 1981, Westland sought to appeal to the Board pursuant to the Texas Catastrophe Property Insurance Pool Act, Tex.Ins.Code Ann. art. 21.49 (1981 & Supp. 1986) (Catpool Act). Section 9 of the Act provides in part that "[a]ny person insured pursuant to this Act, or his duly authorized representative, or any affected insurer who may be aggrieved by an act, ruling or decision of the Association, may, within 30 days after such act, ruling or decision, appeal to the Board." In its appeal to the Board, Westland alleged that its claim was initially denied on September 9, 1981.

Finding that Westland was aggrieved by such action of the Association on May 26, 1980, the Board dismissed the appeal because more than 30 days had elapsed since Westland had become "aggrieved." On April 12, 1981, Westland filed this suit in the trial court, and the Board moved for summary judgment. The only issue presented by the motion for summary judgment and response was the propriety of the Board's action in dismissing Westland's proceeding as untimely. The trial court granted summary judgment that Westland take nothing, and it is from this judgment that Westland appeals to this Court.

By three points of error, Westland contends that the trial court erred in granting summary judgment for the Board. Westland asserts that the trial court misconstrued § 9 of the Catpool Act by concluding that Westland's proceeding before the Board was untimely because Westland was "aggrieved" no later than September 29, 1980, the date the Association answered Westland's first suit.

By its first point of error, Westland argues that the 30-day time period within which the appeal to the Board must be filed does not begin to run until the aggrieved party is notified by the Association of the statutory right to appeal or, in the alternative, that it did not become aggrieved until its second proof of loss was rejected on September 9, 1981. In support of the first assertion, Westland contends that the general denial filed by the Association in September 1980 is not sufficiently clear to begin that time period. A general denial to a suit by an insured on a policy is a sufficient denial of the claim to commence the administrative appeal process. *Rowden v. T.C.P.I.A.*, 677 S.W.2d 83 (Tex.App.1984, writ ref'd n.r.e.). A general denial is also a denial of an insured's claim for the purpose of collecting prejudgment interest. *Lloyds v. Hale*, 405 S.W.2d 639 (Tex.Civ.App.1966, writ ref'd n.r.e.).

Westland seeks to impose on the Association the requirement of a "final order" such as that required from an adjudicative administrative agency under the Adminis-trative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a (Supp. 1986) (APTRA). The statute to be construed here, the Catpool Act, provides for appeal not from a "final order," but from any action of the Association which aggrieves an insured. The appellate procedures available to a party aggrieved by a decision of the Association, as provided for by the Catpool Act and by APTRA, "are mandatory and exclusive and must be complied with in order to enforce the rights to statutory insurance benefits held by [Association] policyholders." *T.C.P.I.A. v. Council of Co-owners of Saida II Towers Condominium*, 706 S.W.2d 644 (Tex.1986).

■ Even if such a final order requirement did exist, there could be no clearer statement of the Association's position than the filing of a general denial in answer to Westland's initial suit. We hold that the Association's filing of the general denial in September 1980 was a clear and unequivocal action which "aggrieved" Westland, giving Westland 30 days to appeal this action to the Board pursuant to § 9 of the Catpool Act. Because Westland failed to do so, the Board was without jurisdiction to entertain Westland's appeal.

■ Westland also contends that the Association has a duty to inform insureds of their statutory right to appeal to the Board. The Association has now apparently initiated that practice, but Westland cites no authority requiring it to do so. The statute is notice of its own provisions. *Rowden v. T.C.P.I.A., supra.* Westland cannot now bar application of § 9 by claiming ignorance of its terms. Westland's first point of error is overruled.

Westland also argues that the pertinent provisions of the Catpool Act, when read with the language of the policy, create an ambiguity which must be resolved in favor of the insured. The record indicates that Westland did not raise this issue in the court below and is thus precluded from asserting it on appeal. Tex.R.Civ.P.Ann. 166–A(c) (Supp.1986); *Gulf Consolidated International, Inc. v. Murphy*, 658 S.W.2d 565, 566 (Tex.1983); *City of Houston v.*

*Clear Creek Basin Authority,* 589 S.W.2d 671, 675 (Tex.1979). Westland's second and third points of error are overruled.

The judgment of the trial court is affirmed.