AMERICAN CASUALTY COMPANY *v.* HARLEYS-
VILLE INSURANCE AND WALZL

[No. 250, September Term, 1964.]

*Decided April 8, 1965.*

The cause was submitted on the brief to HAMMOND, HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

Submitted by *James F. Couch, Jr.* and *Couch, Blackwell & Miller* for appellant.

Submitted by *William A. Ehrmantraut* and *Donahue, Ehrmantraut & Mitchell* for appellees.

MARBURY, J., delivered the opinion of the Court.

Harleysville Insurance and Frank Walzl, appellees, brought suit against American Casualty Company, appellant, and Wallace Baker, in the Circuit Court for Prince George's County, seeking a declaratory judgment that a policy of automobile insurance written by appellant for Baker was primary coverage and that a similar policy written by Harleysville for Walzl was excess coverage. By stipulation, two issues were submitted to the court: first, was Mr. Baker the owner of the specific ve-

hicle involved in an accident; and, second, was Mrs. Baker a resident of Mr. Baker's household at the time of the accident. The court, sitting without a jury, held in the negative as to the first question and in the affirmative as to the second, and entered a judgment in favor of appellees. It is from this judgment that this appeal was taken.

Elsie and Wallace Baker were married on January 13, 1951, and resided at 5900 Westbrook Drive, Carrollton, in Prince George's County, in a house which they owned as tenants by the entireties. Mr. Baker made application for automobile liability insurance coverage on two automobiles in 1961, both of the automobiles being titled in his wife's name. This application was processed by the Farnes Insurance Agency and placed with the Valley Forge Insurance Company, a subsidiary of the appellant. It was indicated in the application that both Mr. and Mrs. Baker would be the operators of the automobiles. It is significant to note that Mrs. Baker had nothing to do with the purchase, maintenance, or placement of insurance for these automobiles.

Before May 26, 1962, the Bakers had a stormy marriage with considerable arguments and brief separations which lasted from two days to three weeks when Mrs. Baker would move in with her daughter, Constance Allen, who lived some fifteen miles distant, in Upper Marlboro. On May 26 they had an argument which resulted in the wife leaving the home. From this time until July 2, 1962, she went back and forth between her home in Carrollton and the daughter's home to take her younger daughter, Melody, to school in Carrollton, get some clothing and give instructions to their maid. She took no personal effects or furniture but only a few clothes in a suitcase which she would bring back to be washed as necessary at the home. During this period the husband remained in the home, and on some occasions they would discuss reconciliation but nothing conclusive developed. The arrangements Mrs. Baker had with her daughter were temporary since she was sleeping on a couch, and departed nearly every morning for her home at Carrollton. She testified that her husband telephoned once for her to resume living at home, but since he was "high" she declined. A bill of complaint for a divorce *a mensa et thoro* was filed by her

on June 26, 1962, and a cross bill for a divorce *a mensa et thoro* was filed by her husband, but the disposition of these actions was not disclosed by the record, although they were apparently nullified by the brief reconciliation which later occurred. Mrs. Baker had no income, assets or employment and was solely dependent upon her husband for support.

On July 2, 1962, Mrs. Baker, operating one of the automobiles, went to a golf course to pick up Frank Walzl. At this time she was accompanied by Walzl's wife. When they were ready to leave the golf course, Mrs. Baker requested Walzl to drive her automobile and she and his wife rode as passengers. At this time he had a policy of insurance issued by Harleysville Insurance, appellee, to cover his car. While operating the Baker automobile, he lost control and struck a tree, causing serious injury to the occupants. After release from a hospital several months later, Mrs. Baker returned to her home in Carrollton and there was a brief reconciliation in December of that year, which lasted until about January 15, 1963, when the parties finally separated permanently. Demand was made by her upon Walzl, for damages and suit was filed. Appellees in turn made demand on appellant as the insurer of the automobile involved in the accident to provide coverage as the primary carrier. It refused on the ground that it had no coverage on the automobile since Mrs. Baker was not a resident of Mr. Baker's household at the time of the accident, as provided under the terms of the American Casualty insurance policy.

Appellant contends that the trial court erred in ruling in favor of both appellees that Mrs. Baker was a resident of her husband's household. The finding that she was such a member made her a named insured within the terms of the policy of American Casualty Company, and that company the primary carrier since Mr. Walzl was a permissive user in the operation of the automobile involved in the accident. The particular provision of the policy with which we are concerned is the definition of named insured. The policy states: " 'named insured' means the individual named in Item 1 of the declarations [of the policy] and also includes his spouse, *if a resident of the same household;"* (emphasis added). We hold that the trial judge was justified in thinking that she was. The evidence is

uncontradicted that the living arrangements existing with the Bakers for the period between May 26 and July 2 were at best temporary. Mrs. Baker and her younger daughter were sleeping on a couch in the Allen home. She returned to her home in Carrollton nearly every day for food, clothing and other necessities. The husband was their sole support. In addition, a reconciliation was made between the husband and wife after the accident for a period of approximately three weeks. The appellant would ask us to rule that the moment Mrs. Baker left on May 26, the vehicle she was driving became uninsured.

This specific problem has not previously been before us, but an examination of cases in other jurisdictions indicates that in such circumstances the wife would still remain a resident of the husband's household. Under similar facts as in the case at bar, the Supreme Court of Alaska in *Lumbermens Mut. Cas. Co. v. Continental Cas. Co.* (1963), 387 P. 2d 104, found that the wife was a resident of the same household as the insured husband. That court also pointed out that temporary absences are quite frequent in a normal household due to emergencies or other reasons, and if narrow interpretations were applied, then there would be no coverage during these temporary separations. It went on to say that the insurer's risk was no greater than if the named insured had been away on a business trip, vacation, or because of some family emergency. Where marital difficulties existed, it could not be assumed that the separation was irreconcilable and the difficulties existing could not be resolved. See also *Mazzilli v. Accident & Cas. Ins. Co. of Winterthur, Swit.,* (N. J. 1961) 170 A. 2d 800. Cf. *Barker v. Iowa Mutual Insurance Company,* (N. C. 1955) 85 S. E. 2d 305; *Olson v. Standard Marine Ins. Co.,* (Cal. 1952) 240 P. 2d 379; *Central Manufacturers' Mut. Ins. Co. v. Friedman,* (Ark. 1948) 209 S. W. 2d 102.

The facts presented before us show the insurer's risk was no greater under the circumstances than was originally contemplated at the time of the issuance of the policy. We agree that Mrs. Baker was a resident of Mr. Baker's household within the definition set out in the policy and thus she was a named insured.

*Judgment affirmed, with costs.*