Janet Carpenter BOON et vir, Danny Boon,
Appellants,

v.

PREMIER INSURANCE COMPANY,
Appellee.

No. 8250.

Court of Civil Appeals of Texas,
Texarkana.

Feb. 18, 1975.

Joe W. Lovelace, Lovelace & Thompson, Inc., Linden, for appellants.

Rex A. Nichols, Nichols & Parker, Longview, for appellee.

RAY, Justice.

This case concerns the interpretation of a family automobile insurance policy. Janet Carpenter Boon and husband Danny Boon, appellants (plaintiffs) brought suit against appellee (defendant), Premier Insurance Company seeking recovery of medical expenses under the medical payments provisions of an automobile insurance policy issued to Willy E. Carpenter when Janet was still married to him. The case was presented to the District Court of Cass County without the aid of a jury and the court denied appellants any recovery on the basis that appellant was not a "resident of the same household" with her husband, the named insured, Willy E. Carpenter, when her injury occurred on April 28,

1972. The automobile policy had been issued to Carpenter on June 24, 1971, for a period of one year which included the date on which appellant was injured.

The trial court entered a judgment in favor of appellee, Premier Insurance Company, and appellants have timely filed their appeal, urging two points of error.

Appellant's points of error are as follows:

Point No. 1 The court erred in denying coverage to the appellant on an automobile policy purchased with community funds on the grounds that the wife was not a resident of the same household with her husband as such provision is void and against public policy.

Point No. 2 The court erred in holding that the appellant was not a resident of the same household with her husband as provided in the policy.

It is undisputed that appellee issued its family automobile policy to Willy E. Carpenter at a time when he was married to Janet and that the premiums were paid out of community funds. On April 28, 1972, Janet Carpenter received personal injuries while riding in a non-owned automobile. She incurred medical expense in the sum of $1,372.40. The non-owned automobile policy paid $500.00 in medical expense and appellee brought this suit for the excess amount.

Appellant filed suit for divorce from Willy E. Carpenter on April 24, 1972, four days before the accident occurred. Mr. Carpenter left the house in which he and Janet were living on March 5, 1972 and moved in with a friend. He left some of his personal belongings in the house, and at all times during his absence, retained access to the house. He stated unequivocally that it was his intention to permanently move his residence to another place as of March 5, 1972. Between the period of March 5, 1972 and April 25, 1972 he did return to live in the house for a one week

period despite his intention to establish his residence elsewhere. The reason for his return was to care for his ten year old son during Janet's out of town trip. When the accident occurred on April 28, Mr. Carpenter moved back into the house to take care of his son while his estranged wife was hospitalized and he stayed there until the divorce was granted. Janet resided with her mother after her release from the hospital.

■■■ It is settled law that an insurance policy is nothing more than a contract between the insurer and the insured, and the parties may agree as they see fit, so long as no provision of law or public policy is contravened. The present case is governed by the holding in Firemen's Insurance Co. of Newark, New Jersey v. Burch, 426 S. W.2d 306, 309 (Tex.Civ.App. Austin 1968,) aff'd in part, and rev'd in part, 442 S.W.2d 331 (Tex.1968), in which it was held, notwithstanding the fact that the automobile policy was purchased with · community funds, the wife was not covered because she was not a resident of the same household. In the instant case, the conditions precedent to the liability of appellee insurance company are clear and unambiguous and such policy terms were approved by the State Board of Insurance which must approve all forms of automobile insurance such as that issued by appellee. The Texas Legislature has delegated such authority to the State Board of Insurance. The Texas Legislature and the State Board of Insurance determine the public policy of Texas as it relates to automobile insurance coverage, and as long as neither body violates the provisions of the Texas Constitution or the U. S. Constitution, this court should not strike down the clear provisions of an insurance contract as being against the public policy of this State. If an injustice or harsh result occurs, then it is the duty of the State Board of Insurance to re-examine the policy provisions and determine anew the public policy governing insurance coverage. This court had no authority to rewrite the contract between the

parties nor to change the clearly worded provisions of the insurance policy. See The Members Mutual Insurance Company v. Cutaia, 476 S.W.2d 278 (Tex.1972), and Greene v. Great American Insurance Company, 516 S.W.2d 739 (Tex.Civ.App. Beaumont 1974, no writ).

■ Since appellant, Janet Carpenter Boon, was not a resident of the same household as the named insured, Willy E. Carpenter, she therefore did not meet the contractual condition precedent to be covered under the terms of the policy. Appellant's first point of error is overruled.

Whether or not appellant was a member of the same household as her husband, was a fact issue to be determined by the trier of facts. We should not substitute our judgment for that of the trial court on findings of facts unless it clearly appears that the trial court was not justified in reaching the conclusion it reached. In the present case, the testimony was clear that the separation between Janet and Willy Carpenter was permanent and that they never intended to live together again. When Janet filed her suit for divorce prior to the accident, it was apparent that she intended to establish her residence separate and apart from that of her husband. Under the facts presented in this case to the trial court, the trial court was justified in reaching the conclusion that Janet Carpenter was not a resident of the same household as her then husband, Willy E. Carpenter. Appellant's second point of error is overruled.

In cases with similar fact situations in which the trier of facts concluded that the wife was a resident of the same household, the appellate courts have affirmed the lower court judgments.

The judgment of the trial court was affirmed by the Supreme Court of Alaska in Lumbermans Mutual Casualty Company v. Continental Casualty Company, 387 F.2d 104 (S.Ct.Alaska 1963) holding that the wife who had instituted a divorce action and was residing at the family home .with the children while her husband ate and slept away from home and who attempted reconciliation, was a "resident of the same household" as her husband within his automobile liability policy defining the named insured with respect to non-owned automobiles as including the spouse, if a resident of the same household. There the husband testified that he had no intention of giving up his residence at the place where his wife was residing. He further testified that he was attempting to effect a reconciliation with his wife at the time of her death.

In American Casualty Co. v. Harleysville Insurance and Frank Walzl, 238 Md. 322, 208 A.2d 597 (Ct. of App.Maryland 1965) the appellate court affirmed the trial court's judgment in favor of the plaintiff holding that a wife who was separated from her husband at the time she was involved in a collision was covered by her husband's policy as a "resident of the same household" where the wife had been staying away at night only. The wife returned to her home nearly every day for food, clothing and other necessities. The husband was the sole support of the wife and children. In addition, a reconciliation was made between the husband and the wife after the accident for a period of approximately three weeks. See 37 Words and Phrases 71, Resident of the Same Household (pocket part); 1 A.L.R.2d 557 (1948); and, The Travelers Indemnity Company v. American Indemnity Company, 315 S.W. 2d 677, 680 (Tex.Civ.App. Fort Worth 1958, no writ).

The judgment of the trial court is affirmed.