H. J. SPRINGFIELD, et al., Petitioners,

v.

AETNA CASUALTY & SURETY
INSURANCE COMPANY et al.,
Respondents.

No. C–257.

Supreme Court of Texas.

July 15, 1981.

Rehearing Denied Sept. 23, 1981.

Longley & Maxwell, Joe K. Longley, Austin, Wallace Craig, Fort Worth, for petitioners.

Thompson, Coe, Cousins & Irons, R. B. Cousins and Craig Eggleston, Robert M. Greenberg, Charles M. Bradshaw, Dallas, McBryde, Bogle & Green, John McBryde, Fort Worth, Mark White, Atty. Gen., Yolanda Martin, Asst. Atty. Gen., Austin, for respondents.

PER CURIAM.

H. J. Springfield and others brought this class action suit against Aetna Casualty & Surety Insurance Company and seven other automobile insurers. Tex.R.Civ.Pro. 42. Springfield and the others seek damages for members of this class who they allege have been denied insurance benefits authorized by Article 5.06–3 of the Texas Insurance

**558**

Code. They sue also for damages under Section 17.50 of the Texas Business and Commerce Code, and Section 16, Article 21.21 of the Texas Insurance Code.

Basic to plaintiffs' action is their contention that the defendants have illegally paid, and are continuing to illegally pay, benefits in accordance with State Board of Insurance prescribed Endorsement 243. They allege a conspiracy by defendant insurers and the State Board of Insurance, which was also joined as a party defendant. *See Allen v. Aetna Casualty & Surety Co.*, 567 S.W.2d 547 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.). The trial court sustained a summary judgment for the defendants, and the court of civil appeals has affirmed that judgment. 612 S.W.2d 285.

Plaintiffs allege that the defendants unlawfully limited coverage for personal injury sustained. Their allegation of illegality is that the coverage was limited solely to that listed on scheduled vehicles. That complaint was correctly denied by the courts below by reason of this court's decision in *Holyfield v. Members Mutual Insurance Co.*, 572 S.W.2d 672 (Tex.1978). Summary judgment was also correctly sustained to plaintiffs' claim for damages for paying benefits according to Endorsement 243 which is attached to the automobile policies.

■ Defendant insurers are required by law to use the endorsement forms prescribed by the State Board of Insurance, and a failure to do so would subject them to an action for revocation of their licenses. Tex.Ins.Code Ann. art. 5.06. *United States Insurance Co. of Waco v. Boyer*, 153 Tex. 415, 269 S.W.2d 340 (1954); *Commercial Union Assurance Co. v. Preston*, 115 Tex. 351, 282 S.W. 563 (1926). The Texas Legislature has expressly authorized the State Board of Insurance to prescribe the form for the personal injury protection endorsement. Tex.Ins.Code Ann. art. 5.06–3(f). For that reason, we do not grant the writ on that point.

The Texas Legislature in 1973 enacted Article 5.06–3 of the Texas Insurance Code. Subsection (b) of that statute stated what is included in personal injury protection.

Among other items, Article 5.06–3 states, "and in the case of an income producer, payment of benefits for loss of income as the result of the accident."

■ Plaintiffs allege that the State Board of Insurance yielded to pressure groups and defined the term "benefits for loss of income" in a nonstatutory manner. The Board defined the term in this manner:

"benefits for loss of income" means eighty (80%) percent of actual income lost because of disability resulting from insured bodily injury which prevents the injured person from performing the substantial duties of his usual occupation;

. . . .

The statute, the plaintiffs allege, states the benefits an insured is entitled to receive, and it is not within the power of the State Board of Insurance to reduce those statutory benefits to eighty, forty or any other percent of actual income. While the Board is empowered to fix the rates based upon the loss of income, it is not empowered to restate or limit the statutory benefits differently from what the legislature has required.

■ We refuse the writ, no reversible error, because the defendant insurers are not required to respond in damages for use of that endorsement which the law required them to use. Our refusal of the writ does not mean that this court approves the language of the opinion of the court of civil appeals which says that the State Board of Insurance, being vested with rate making power, carries the greater and distinct power to reduce the coverage afforded by statute.

■ The policyholders have a remedy. Article 5.11, Texas Insurance Code, states:

Art. 5.11. Hearing on Grievances

Any policyholder or insurer shall have the right to a hearing before the Board on any grievance occasioned by the approval or disapproval by the Board of any classification, rate, rating plan, endorsement or policy form, or any rule or regulation established under the terms hereof, such hearing to be held in conformity

with rules prescribed by the Board. Upon receipt of request that such hearing is desired, the Board shall forthwith set a date for the hearing, at the same time notifying all interested parties in writing of the place and date thereof, which date, unless otherwise agreed to by the parties at interest, shall not be less than ten (10) nor more than thirty (30) days after the date of said notice. Any party aggrieved shall have the right to apply to any court of competent jurisdiction to obtain redress.

No hearing shall suspend the operation of any classification, rate, rating plan or policy form unless the Board shall so order.

Exhaustion of administrative remedies is a prerequisite to judicial review. Tex.Rev. Civ.Stat.Ann. art. 6252–13a § 19.

The application for writ of error is refused, no reversible error.