National County 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-212-CV





NATIONAL COUNTY MUTUAL FIRE INSURANCE COMPANY AND


CONSUMERS COUNTY MUTUAL INSURANCE COMPANY,




 APPELLANTS


vs.





RANDALL JOHNSON,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 452,956, HONORABLE JOE B. DIBRELL, JUDGE PRESIDING



 




 Does a family-member exclusion in an automobile insurance policy contravene the
public policy set forth in the Texas Safety Responsibility Act, (1) which requires liability insurance
coverage for all damages that may arise out of the operation of a motor vehicle? In a declaratory
action suit, the trial court answered "yes." We agree and will affirm the trial court's judgment.



THE CONTROVERSY


 In 1988, Randall Johnson was driving his Ford LTD when he struck another
automobile from the rear. Johnson's wife was riding with him and was injured in the collision. 
Some months later, Mrs. Johnson filed suit against her husband, alleging that his negligence
caused her injuries. Mr. Johnson forwarded the petition and citation to his insurance company,
National County Mutual Fire Insurance Company ("National County"), with a demand for a full
and unconditional defense to the suit. 

 National County rebuffed that demand and informed Johnson that it would not
unconditionally defend him. Rather, its defense would be subject to a reservation of its rights to
deny coverage and payment of any judgment rendered against him. National County argued that
"Endorsement 575," a family-member exclusion in its policy, worked to deny coverage for this
particular claim. (2) 

 Notwithstanding the exclusionary clause in his insurance contract, Johnson advised
National County that he would not accept any reservation of its rights and repeated his demand
for a full and unconditional defense. He demanded coverage and defense because (1) the Safety
Responsibility Act requires that an owner's automobile liability policy pay "all sums which the
insured shall become legally obligated to pay," and (2) abrogation of interspousal immunity in
Texas made him potentially liable to his wife. Johnson then filed a declaratory judgment action,
requesting the district court to declare the rights and legal relations arising between the parties as
a result of the insurance policy. National County filed its counterclaim for declaratory relief,
asking the court to determine whether Endorsement 575 is valid under Texas law. 

 The trial court found the family-member exclusion invalid. It declared that
Endorsement 575 (1) conflicts with the Safety Responsibility Act; (2) enjoys no rational
justification supporting its adoption by the State Board of Insurance; (3) contravenes the public
policy of the State of Texas; and (4) does not in any way serve the interests of the people of
Texas. Accordingly, the trial court rendered judgment for Johnson and decreed that National
County was liable for his coverage and defense under the policy. 

 National County appeals, bringing six points of error attacking: (1) the court's
exercise of subject matter jurisdiction; (2) the court's failure to join the Insurance Board as a
party; (3) the court's finding that the exclusion does not serve the public policy of the State of
Texas or the interests of its citizens; and (4) the court's award of attorney's fees.



THE ANALYSIS


Jurisdiction. In its first point of error, National County challenges the court's exercise of
subject-matter jurisdiction in declaring the rights of the parties under the insurance contract.
National County asserts that Johnson was required to pursue administrative relief before the State
Board of Insurance ("the Board"), which enacted Endorsement 575, before challenging the validity
of this exclusion in a declaratory judgment action. We find this argument unpersuasive. An interested party under a written contract whose rights and legal relations are at
issue may solicit the court to resolve questions of construction or validity arising under the
contract. Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (1986). Whether an insurer has a duty
to defend presents a justiciable question suitable for a declaratory judgment action. See, e.g.,
Firemen's Ins. Co. v. Burch, 442 S.W.2d 331, 332 (Tex. 1968); Colony Ins. Co. v. H.R.K., Inc.
728 S.W.2d 848, 852 (Tex. App. 1987, no writ). Johnson brought suit to determine that very
issue. The trial court properly exercised jurisdiction to determine whether National County had
a duty to provide a defense under the policy. 

 National County directs us to article 5.11 of the Texas Insurance Code, which
states, "Any policyholder . . . shall have the right to a hearing before the Board on any grievance
occasioned by the approval or disapproval by the Board of any . . . endorsement." Tex. Ins. Code
Ann. art. 5.11(a) (1981 & Supp. 1992). National County reads article 5.11 to require that
Johnson seek a hearing from the Board before proceeding with a declaratory action. We do not. 
In McDonel v. Agan, 353 S.W.2d 485 (Tex. Civ. App. 1962, writ dism'd), we held that article
5.11 does not vest the Board of Insurance with jurisdiction over disputes between third parties
arising from the enforcement or application of the rules and regulations of the Board. Id. at 488. 
We rejected the claim that article 5.11 gives the policyholder the right to a hearing before the
Board on any dispute that arises over an endorsement established under the terms of the insurance
contract:



The statute contains no language intimating that the Board is vested with
jurisdiction of disputes between third parties arising from the enforcement or
application of the rules and regulations of the Board.



Id. 

 Our understanding of article 5.11 has not changed. Johnson is not challenging the
Board's action in approving the endorsement. Rather, he is complaining of his insurer's refusal
to defend him because of the policy exclusion. A declaratory judgment action was a proper
method for determining Johnson's legal rights under the insurance contract. We overrule National
County's first point of error. 



Necessary Party. In its second point of error, National County claims that Johnson erred by
failing to join the Board as a necessary party to the litigation. Having held that the Board has no
jurisdiction over third party disputes arising from enforcement of the Board's rules, we decline
to hold that the Board is a "necessary" party. In any event, National County did not raise this
issue at trial and thus failed to preserve the point for review on appeal. Tex. R. App. P. Ann.
52(a) (Pamph. 1992). The second point of error is overruled.



Public Policy. National County argues that family-member exclusions are permissible and do not
violate the public policy underlying the Safety Responsibility Act. In its third, fourth and fifth
points of error, National County asserts that the trial court erred in holding that Endorsement 575
violates Texas public policy as set forth in the Act. 

 The Safety Responsibility Act requires all operators of motor vehicles in Texas to
carry liability insurance that "shall pay on behalf of the insured. . . all sums which the insured
shall become legally obligated to pay as damages arising out of the ownership, maintenance or
use of [a] motor vehicle." (3) (Emphasis added). To determine whether National County's (4) family-member exclusion is inconsistent with this statute, we must first examine the public policy
underlying the Act in general and section 21(b) in particular. 

 Because there is no legislative history, the language of the Act becomes our guide. 
See Seay v. Hall, 677 S.W.2d 19, 25 (Tex. 1984) (courts must find a statute's intent in its
language and not elsewhere). The terms of the Act strongly suggest that its primary purpose is
to mandate compulsory liability insurance coverage for any damages an insured may incur "arising
out of the ownership, maintenance or use of [a] motor vehicle."

 Because Texas has abolished intrafamily tort immunity in certain cases and
interspousal tort immunity in all cases, an individual may become liable to a family member for
damages arising from his or her negligence. See Jilani v. Jilani, 767 S.W.2d 671 Tex. 1988)
(abolishing intrafamily tort immunity as to automobile tort action brought by unemancipated minor
child against parent); Price v. Price, 732 S.W.2d 316 (Tex. 1987). We hold the comprehensive
language of the Safety Responsibility Act, encompassing "all sums which the insured shall become
legally obligated to pay," requires mandatory liability insurance to cover this potential liability. 
By excluding coverage for an insured's family members, Endorsement 575 violates the plain
mandate of the Act.

 "When the legislature specifies a particular extent of insurance coverage, any
attempt to void or narrow such coverage is improper and ineffective." Uniguard Sec. Ins. Co.
v. Schaefer, 572 S.W.2d 303, 307 (Tex. 1978) (citing Westchester Fire Ins. Co. v. Tucker, 512
S.W.2d 679 (Tex. 1974)). Past attempts by the State Board of Insurance to narrow a legislatively
prescribed scope of coverage have been invalidated. See, e.g., Stracener v. United Serv. Auto.
Ass'n, 777 S.W.2d 378, 384 (Tex. 1989); American Liberty Ins. Co. v. Ranzau, 481 S.W.2d 793,
797 (Tex. 1972). Endorsement 575 represents a similar attempt by the Board to narrow coverage
and is therefore invalid.

 Despite the Act's clear mandate to cover "all sums which the insured shall become
legally obligated to pay," National County argues that an insurer should be able to exclude family
members because nothing in the Act expressly prohibits a family-member exclusion in an
insurance contract. We disagree. First, the Legislature expressly authorized two exceptions to
coverage in section 21(e); family members is not one of them. We presume that if the Texas
Legislature had intended to exclude family members from required liability coverage, it could
have done so. We refuse to insert an exclusion not expressly authorized by the Legislature. 
Moreover, if all exclusions not expressly prohibited by the Act were presumed valid, the statutory
purpose of compulsory automobile liability insurance could essentially be undermined.

 Although no Texas court has ruled on the scope of coverage required by Section
21(b), the supreme court has stated that "[t]here is no question in our minds that the compulsory
insurance requirement of the Texas motor vehicle safety law implies that all potential claimants
for damages resulting from automobile accidents are intended as beneficiaries of the statutorily
required automobile liability coverage." Dairyland County Mut. Ins. Co. v. Childress, 650
S.W.2d 770, 775 (Tex. 1983) (emphasis added). Moreover, the supreme court has recently held
that "[t]hose clauses in insurance policies which are not consistent with and do not further the
purposes of Art. 5.06-1 [underinsured motorist coverage] are invalid." Stracener v. United Serv.
Auto. Ass'n, 777 S.W.2d 378, 384 (Tex. 1989). We believe that the requirement to pay "all
sums" in article 6701h § 21(b) means nothing less than all sums. Endorsement 575, therefore,
is inconsistent with the purposes of section 21(b) of the Safety Responsibility Act. 

 National County also urges us to give "great weight" to the Insurance Board's
endorsement of the family-member exclusion as an expression of the public policy which should
inform our decision. Although case law recognizes the State Board of Insurance's role in
implementing Texas policy as it relates to insurance, Boon v. Premier Ins. Co., 519 S.W.2d 703,
704 (Tex. Civ. App. 1975, no writ), that body of law also leaves no doubt that the Board's role
is "ministerial and not legislative." Hammaker v. American States Ins. Co., 493 S.W.2d 893, 895
(Tex. Civ. App. 1973, writ ref'd n.r.e). In particular, the Board "can exercise only such
authority as is conferred upon it in clear and unmistakable terms by the Legislature." Id. As the
Texas Supreme Court has emphasized, "the Board may not act contrary to but only consistent
with, and in furtherance of, the express statutory purposes." American Liberty Ins. Co. v.
Ranzau, 481 S.W.2d 793, 796-97 (Tex. 1972). In this instance, the Legislature has expressed its
objective that every automobile liability insurance policy cover "all sums" which the insured may
be legally obligated to pay. By approving the family-member exclusion, the Board acted contrary
to express legislative policy.

 We find that the majority of jurisdictions which have addressed the validity of
family-member or household exclusions in the face of statutes mandating automobile liability
insurance have held them invalid. See, e.g., Stevens v. State Farm Mut. Auto. Ins. Co., 519 P.2d
1157 (Ariz. 1974); DeWitt v. Young, 625 P.2d 478 (Kan. 1981); Bishop v. Allstate Ins. Co., 623
S.W.2d 865 (Ky. 1981); Jennings v. Government Employees Ins., 488 A.2d 166 (Md. 1985);
State Farm v. Sivey, 272 N.W.2d 555 (Mich. 1978); Transamerica Ins. Co. v. Royle, 656 P.2d
820 (Mont. 1983); Kish v. Motor Club of Am. Ins. Co., 261 A.2d 662 (N.J. 1970); Estep v. State
Farm Mut. Auto. Ins. Co., 703 P.2d 882 (N.M. 1985); Neal's Estate v. Farmers Ins. Exch., 566
P.2d 81 (Nev. 1977); Hughes v. State Farm Mut. Auto. Ins. Co., 236 N.W.2d 870 (N.D. 1975);
Dowdy v. Allstate Ins. Co., 685 P.2d 444 (Or. Ct. App. 1984); Jordan v. Aetna Cas. & Surety
Co., 214 S.E.2d 818 (S.C. 1975); Mutual of Enumclaw Ins. Co. v. Wiscomb, 643 P.2d 441
(Wash. 1982); Allstate Ins. Co. v. Wyoming Ins. Dep't, 672 P.2d 810 (Wyo. 1983). We find the
Washington Supreme Court's rationale for invalidating family-member exclusions in Wiscomb
compelling:



"Th[e] exclusion becomes particularly disturbing when viewed in light of the fact
that this class of victims is the one most frequently exposed to the potential
negligence of the named insured. Typical family relations require family members
to ride together on the way to work, church, school, social functions, or family
outings. Consequently, there is no practical method by which the class of persons
excluded from protection by this provision may conform their activities so as to
avoid exposure to the risk of riding with someone who, as to them, is uninsured.



Wiscomb, 643 P.2d at 444.

 National County points to several jurisdictions in which family-member exclusions
have been upheld in the face of compulsory automobile liability insurance statutes. See, e.g.,
Southern Guaranty Ins. v. Preferred Risk, 359 S.E.2d 665 (Ga. 1987); Transamerica Ins. Co. v.
Henry, 563 N.E.2d 1265 (Ind. 1990); State Farm Mut. Auto Ins. Co. v. Kaser, No. OT-89-6,
LEXIS 3206, 1990 WL 109967 (Ohio App. 1990) (5); Young v. Mid-Continent Cas. Co., 743 P.2d
1084 (Okla. 1987); J.C. Penney Cas. Ins. Co. v. Douglas, No. 01-A-01-9010-CA-00338, 1991
WL 3311 (Tenn. Ct. App. 1991) (6). However, we find most of these cases distinguishable. For
example, in Preferred Risk, the Georgia Supreme Court found that a family-member exclusion
was not inconsistent with the state's compulsory liability scheme because the doctrine of
intrafamily tort immunity has not been abolished there. 359 S.E.2d at 666-67. Still other cases
cited are distinguishable because the family-member exclusion at issue simply did not conflict with
the relevant state financial responsibility law. See Douglas, 1991 WL 3311 at *3-*4. As to the
balance of the cited cases, we simply do not believe that the Texas Safety Responsibility Act
permits the exclusion of spouses or other family members on the assumption that they somehow
fall outside the class of individuals which the Act was designed to protect. See Henry, 563
N.E.2d at 1268; Young, 743 P.2d at 1087-88.

 National County maintains that the family-member exclusion protects the insurer
from fraudulent or collusive lawsuits between members of the same family. See State Farm Mut.
Auto. Ins. Co. v. Traycik, 272 N.W.2d 629, 630 (Mich. App. 1978). However, the Texas
Supreme Court has rejected this argument: "[We] refuse to indulge in the assumption that close
relatives will prevaricate so as to promote a spurious lawsuit." Whitworth v. Bynum, 699 S.W.2d
194, 197 (Tex. 1985). The supreme court more strongly repudiated the specter of collusion when
it abolished intrafamily immunity, in certain circumstances, as well as interspousal immunity. See
Jilani, 767 S.W.2d at 674; Price, 732 S.W.2d at 318-19. The collusion argument simply is no
longer a viable tenet of public policy in this area. 

 We reject outright the argument that a family-member exclusion should be upheld
because it was freely entered into by the insured. The present automobile liability insurance
contract offers no freedom to purchase family-member coverage. Moreover, the family-member
exclusion affects third parties who are in no position to negotiate the terms of the policy.

 National County has failed to establish that Endorsement 575 is consistent with
Texas public policy or that it otherwise serves the interests of the citizens of Texas. We agree
with the trial court that the family-member exclusion violates the public policy of this state as
expressed in the Safety Responsibility Act. Thus we overrule National County's third, fourth and
fifth points of error.



Attorney's Fees. In its sixth point of error, National County contends that the trial court erred
in awarding attorney's fees to Johnson, since he should not have prevailed. Because we have
overruled all of National County challenges to the judgment, we uphold the award of attorney's
fees to the prevailing party. The sixth point of error is overruled. 



CONCLUSION


 The judgment of the trial court is affirmed.



 

 Bea Ann Smith, Justice


[Before Justices Powers, Jones, and B. A. Smith]

Affirmed

Filed: April 8, 1992

[Publish]
1. Tex. Rev. Civ. Stat. Ann. art. 6701h (1977 and Supp. 1992) ("the Act"). 
2. Endorsement 575 states that "We do not provide Liability Coverage for you or any
family member for bodily injury to you or any family member" (bold face in original). 
3. 1983 Tex. Gen. Laws, ch. 535, sec.5, § 21(b)(2), at 3129 (Tex. Rev. Civ. Stat. Ann.
6701h § 21(b)(2), since amended).
4. In its brief, National County has argued that the Board requires Endorsement 575 to be
included in any automobile liability policy issued by an insurer. We are unable to pass on that
assertion because the record on appeal does not establish that fact. The record does provide a
copy of Johnson's and National County's insurance contract and this copy does contain
Endorsement 575. 
5. Ohio Supreme Court Rule for Reporting of Opinions 2(G) states that unpublished
opinions shall not be considered controlling or persuasive authority outside of the judicial
district in which the opinion was rendered. Ohio Sup. Ct. R. Rep. Op. Ann. 2(G) (Baldwin
1991). We will defer to Ohio's treatment of its appellate caselaw and not consider Kaser. 
6. Tennessee Supreme Court Rule 4(5) does allow citation of unpublished opinions when a
copy of the opinion is furnished to the court and to adversary counsel. Tenn. Sup. Ct. R.
Ann. 4(5) (1990). Like the Ohio Rules, we will also defer to Tennessee's treatment of its
appellate caselaw and consider Douglas.