**Vivian SANFORD, Individually and on Behalf of Bruce Roberson, a Minor, and Vivian Roberson, Appellants,**

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellee.**

No. 01–91–01043–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 10, 1992.

Rehearing Denied Jan. 21, 1993.

Bruce L. Jamison, Jamison & Associates, Houston, for appellant.

Ann Moore, Bean & Manning, Houston, for appellee.

Before SAM BASS, COHEN and JONES, JJ.

## OPINION

COHEN, Justice.

Does the family member exclusion (endorsement 575) mandated by the State Board of Insurance in the standard Texas personal auto liability policy violate the statutory public policy of Texas requiring every driver to have liability insurance? Like our sister courts in Austin and Dallas, we hold that it does.

## FACTS

On September 1, 1988, V. Roberson had a collision while driving a car owned by her mother, V. Sanford. Sanford was the named insured under a standard Texas personal auto policy issued by Liberty Mutual Fire Insurance Company (Liberty). Bruce Roberson, Roberson's son (and Sanford's grandson), was injured. Grandmother Sanford, daughter Roberson, and grandson Roberson lived together at the time.

Sanford brought suit individually and on behalf of her grandson against V. Roberson. Liberty refused to defend the suit unconditionally and defended under a claimed reservation of rights.

Liberty then filed this declaratory judgment action and moved for summary judgment. The trial judge granted a summary judgment, ruling that Liberty owed no duty to defend or indemnify appellants. Sanford, Roberson, and the grandson now appeal that judgment.

In their first point of error, appellants contend endorsement 575 violates the Texas Safety Responsibility Act and decisions of the Texas Supreme Court in *Jilani v. Jilani,* 767 S.W.2d 671 (Tex.1988), and *Price v. Price,* 732 S.W.2d 316 (Tex.1987). Second, appellants contend Liberty waived any reservation of rights.

Liberty argues the summary judgment was proper because 1) the trial court lacked subject matter jurisdiction to determine the validity of endorsement 575; 2) appellants failed to sue a necessary party, the State Board of Insurance; 3) the family member exclusion does not violate the Safety Responsibility Act; and 4) alternatively, Lib-

erty properly reserved its rights in the underlying suit.

## JURISDICTION

■ Liberty claims that because the Board requires the use of endorsement 575,[1] appellants had to pursue administrative relief under TEX.INS.CODE ANN. art. 5.11(a) (Vernon 1981 & Supp.1992). We disagree.

Article 5.11 provides, "Any policy holder ... shall have the right to a hearing before the board on any grievance occasioned by the approval or disapproval by the board of any ... endorsement." Liberty contends article 5.11 requires appellants to have a hearing before the Board before any court has jurisdiction to adjudicate a suit to declare the endorsement void. TEX.REV.CIV. STAT.ANN. art. 6252–13a, sec. 19 (Vernon Supp.1992) (exhaustion of administrative remedies is a prerequisite to judicial review). Appellants sought no relief from the Board.

Liberty relies on *Springfield v. Aetna Casualty & Surety Insurance Company*, 620 S.W.2d 557 (Tex.1981). In *Springfield*, the plaintiffs brought a class action suit against seven insurance companies and the Board, alleging a conspiracy to violate the Insurance Code. They sought damages under the Deceptive Trade Practices Act, claiming the companies conspired to accomplish an unlawful purpose, i.e., to "entice" the Board to adopt an endorsement that limited payments for lost wages to 80 percent, in violation of statutory and constitutional law. *Springfield v. Aetna Cas. & Ins. Co.*, 612 S.W.2d 285, 287 (Tex.Civ. App.—Austin 1981) *aff'd*, 620 S.W.2d 557 (Tex.1981). The supreme court recognized that the Board required the insurance companies to use the endorsement forms or else have their licenses revoked. *Springfield*, 620 S.W.2d at 558. It held that "the defendant insurers are not required to respond in [DTPA] damages for use of that endorsement which the law required them

to use." *Id.* Furthermore, the supreme court held that article 5.11 provided an administrative remedy the plaintiffs had not used. Thus, the court held, "the exhaustion of administrative remedies is a prerequisite to judicial review." *Id.* at 558–59.

We hold that *Springfield* does not control this case. This is not a class action conspiracy suit seeking DTPA damages and attacking the way the Board makes administrative law. These appellants are just ordinary insureds and claimants trying to get indemnified and paid. This is a dispute between an insurance company and its customer seeking contractual damages. It is not surprising that the *Springfield* case required exhaustion of administrative remedies because those plaintiffs attacked the conduct of regulated industry in its relations with a state regulatory agency. This suit is more like the ordinary grist for our judicial mill. We doubt that the legislature intended every plaintiff in Texas with this complaint, which could be many, to seek relief from the Board before going to court.

In *National County Mutual Fire Insurance Company v. Johnson*, 829 S.W.2d 322 (Tex.App.—Austin 1992, writ granted), the court rejected Liberty's contention regarding jurisdiction. In *Johnson*, the insured filed a declaratory judgment action to determine whether his insurer had to defend his wife's negligence suit against him for injuries arising from an automobile collision. *Id.* at 323. The insured had not sought relief from the Board under article 5.11. Nevertheless, the trial court ruled in his favor and declared endorsement 575 void. *Id.* The Austin court affirmed, holding the trial court had jurisdiction. *Id.* at 324. Unpersuaded by the insurance company's reading of article 5.11, the *Johnson* court looked instead to *McDonel v. Agan*, 353 S.W.2d 485 (Tex.Civ.App.—Austin 1962, writ dism'd), which held:

Article 5.11 does not vest the board of insurance over disputes between *third*

---

1. ENDORSEMENT 575 provides, "We do not *provide* Liability Coverage for you or any **family member** for bodily injury to you or any **family member**." (Emphasis in original.) Ap-

pellants are "family members," as defined in the policy; " '**Family Member**' means a person related to you by blood, marriage or adoption who is a resident of your household."

*parties* arising from the enforcement and application of the rules and regulations of the board ... The statute contains no language intimating the board is vested with jurisdiction of disputes between third parties arising from the enforcement or application of the rules and regulations of the board.

*Id.* at 488 (emphasis added).

■ Whether an insurer must defend under its policy is an appropriate subject for jurisdiction under the declaratory judgment act. *Fireman's Ins. Co. v. Burch,* 442 S.W.2d 331, 332 (Tex.1968); *Colony Ins. Co. v. H.R.K., Inc.,* 728 S.W.2d 848, 852 (Tex.App.—Dallas 1987, no writ). A party to a written contract may solicit the court to resolve questions of construction or validity arising under the contract. TEX.CIV. PRAC. & REM.CODE ANN. § 37.004(a) (Vernon 1986). We agree with the *Johnson* court. *Johnson,* 829 S.W.2d at 324.

We hold the trial court had subject matter jurisdiction.

### NECESSARY PARTY

■ Liberty contends appellants cannot recover because the Board is a necessary party in a suit to invalidate an insurance policy, and appellants did not sue the Board. Liberty relies upon *Allen v. Casualty and Surety Co.,* 567 S.W.2d 547 (Tex. Civ.App.—Fort Worth 1978, writ ref'd n.r.e.), which was a suit against insurance companies for "enticing" the Board to enact the same allegedly illegal endorsement that was attacked in *Springfield.*

This exact claim was rejected in *Johnson.* The court stated:

Having held that the board has no jurisdiction over third party disputes arising from enforcement of the board's rules, we decline to hold that the board is a "necessary" party. In any event, National County did not raise this issue at trial and thus failed to preserve the point for review on appeal.

829 S.W.2d at 324. We agree with the *Johnson* court.

Moreover, Liberty did not raise this complaint in the trial court. We hold it was waived. TEX.R.APP.P. 52(a).

### TEXAS SAFETY RESPONSIBILITY ACT

■ In their first point of error, appellants assert endorsement 575 conflicts with the Texas Safety Responsibility Act and the common law allowing intra-family tort suits in motor vehicle accidents. TEX.REV. CIV.STAT.ANN. article 6701h, Sec. 21(b)(2) (Vernon Supp.1992). *See Jilani v. Jilani,* 767 S.W.2d 671 (Tex.1988); *Price v. Price,* 732 S.W.2d 316 (Tex.1987).

Two recent cases have held that endorsement 575 violates article 6701h. *Segal v. Southern County Mut. Ins. Co.,* 832 S.W.2d 617, 620–23 (Tex.App.—Dallas 1992, no writ); *Johnson,* 829 S.W.2d at 324–27. We find both opinions persuasive. They point out the many other states that have reached the same conclusion, and they distinguish effectively those foreign decisions that found no conflict. *Segal,* 832 S.W.2d at 622–23; *Johnson,* 829 S.W.2d at 326–27. Liberty cites no Texas authority to the contrary. Although the Texas Supreme Court has granted review in *Johnson,* we choose to follow *Johnson* and *Segal.* We hold that endorsement 575 conflicts with article 6701h, section 21(b)(2) for the reasons stated in *Johnson* and in *Segal,* i.e., it makes drivers uninsured for claims against them by their own family members, despite the requirement of article 6701h that all drivers carry liability insurance that "shall pay on behalf of the insured ... all sums which the insured shall become legally obligated to pay as damages arising out of the ownership, maintenance, or use of (a) motor vehicle." Therefore, Liberty has not shown as a matter of law that it owes no defense to its insured.

The first point of error is sustained.

We need not reach the second point of error, contending that Liberty waived its reservation of rights.

Appellants request that we render judgment that Liberty provide coverage. Because appellants did not move for summary judgment in the trial court, we cannot ren-

der judgment. *Compare Segal,* 832 S.W.2d at 618.

The trial court's summary judgment is reversed, and the cause is remanded.

JONES, J., not participating in the decision.