TEXAS SOAP MFG. CO. et al. v. AMERI-
CAN AUTOMOBILE INS. CO.

No. 12171.

Court of Civil Appeals of Texas.
Galveston.

Feb. 16, 1950.

Rehearing Denied March 9, 1950.

· Ne·Cochran, of Houston, for appellants.

John C. Harris, Jr.; and Thos. E. Lichen-
stein, both of Houston, for appellee.

CODY, Justice.

· This was a suit by appellee, an insurance
company, to recover from appellants, to
whom appellee had issued its Workmen's
Compensation Policy No. 1,102,797, the
sum of $672.97, which, according to the
allegations of appellee's petition, constitut-
ed the balance of the premium which had
been earned on said policy, and which ap-
pellants had promised, and became bound
to pay, but which they refused to pay.

·For their answer, appellants pled an
accord and satisfaction. Appellants addi-
tionally pled, in effect, that the sum of
$672.97, for which appellee sued, repre-
sented the increased rates which the Board
of Insurance Commissioners had attempted
to promulgate retroactively, and that the
contractual basis for the application of
such changed rates, retroactively, and
which was embodied in the policy of in-
surance, had become terminated by the
termination of the policy by appellee's ac-
tion.

The facts upon which the case was tried
were not disputed, and the case was tried
to the court without a jury, upon an agreed
statement of facts. The court rendered
judgment for appellee against appellants
for the sum sued for. No conclusions of
fact or law were requested, but, upon the
motion of appellants, the court has ·sent
up with the record (1) the agreed state-
ment of facts upon which the case was
tried below; and (2), appellee's petition,
to which is attached, as Exhibit "A", a
copy of the workmen's compensation policy
of insurance which appellee issued to appel-
lants, together with its endorsements; and
to which is also attached Exhibit "B", which

shows a statement of the premium account with respect to said policy, and which reflects the amount of credits to which appellee admits appellants are entitled; and (3), the Board of Insurance Commissioners' Certificate No. 535, showing from the Board's file: the issuance of appellee's W. C. Policy No. 1,102,797, effective March 1, 1946, together with endorsements attached thereto, and notice of cancellation, giving the date of the cancellation to be August 28, 1946; also, copy of letter dated October 9, 1946, to appellee and signed "J. P. Gibbs, Commissioner", by "J. D. Wheeler, Director Compensation Section"; also, copy of Workmen's Compensation Rating Form showing calculation of an experience debit modification of 30.5 applicable to all classifications and effective November 19, 1945.

Appellants predicate their appeal upon the following four points, which we have edited in certain respects not material to state:

1. The court erred in holding that the contract of the parties, embodied in appellee's W. C. Policy No. 1,102,797, with attached schedules and endorsements, bound the appellants to pay to appellee, the additional premium here sued for.

2. The court erred in failing to hold that the cancellation of said policy fixed the rights and obligations of the parties as of the date of the cancellation.

3. The court erred in failing to hold that the retroactive application of the rate modification, promulgated by the Board on October 9, 1946, depended upon a subsisting contract between the parties fifteen days after notification of such modification.

4. The court erred in holding that the rates, as modified by the Board on October 9, 1946, were the legal rates applicable to appellee's W. C. Policy No. 1,102,797.

The policy here involved is a "Standard Workmen's Compensation and Employers' Liability Policy". Appellants' Workmen's Compensation anniversary rate date, established by the Board is November 19th.[1] The policy was issued on March 22, 1946, but by its terms was made effective from March 1, 1946, to March 1, 1947. Because of appellants' insistence that it is here material, we note that Condition B of the policy provides in part "This policy may be canceled at any time by either of the parties. * * * The effective date of such cancelation shall be the end of the Policy Period. * * * If such cancelation is at the Company's request, the earned premium shall be adjusted pro rata as provided in Condition A. * * *"—Appellee canceled the policy as of August 1946.

By Condition A, it is provided in part "At the end of the Policy Period the actual amount of the remuneration earned by the employees during such period shall be exhibited to the Company, as provided in Condition C hereof, and the earned premium adjusted in accordance therewith at the rates and under the conditions herein specified. If the earned premium, thus computed, is greater than the advanced premium paid this Employer shall immediately pay the additional amount to the Company; if less, the Company shall return to this Employer the unearned portion * * *."—Upon said cancellation appellants immediately requested appellee to submit a statement of the unpaid premium. Appellee submitted the requested statement on November 1, 1946, which appellants at once paid. Appellee notified appellants that, due to an error in calculation, the submitted figure was some $5 less than the correct amount. Appellants immediately paid the additional sum.

The amount of the premium so collected by appellee was based on appellants' payroll during the policy period, and calculated on the base or manual rates without the application of any experience modification. That is to say, the premium was calculated on the rates shown on the Workmen's Compensation Schedule attached to said policy at its issuance.

■ However, prior to November 1st and 4th, 1946, when appellee and appellants settled their premium account, name-

---

1. See discussion of the "anniversary date" in rate application to Workmen's Compensation Insurance policies in Brown & Root v. Traders & General Ins. Co., Tex. Civ.App., 135 S.W.2d 534, at pages 536, 538 and 539.

ly on October 9th, the Board had combined the risks covered by the policy for rating purposes, effective November 19, 1945 (the next preceding Workmen's Compensation Insurance Anniversary date for appellants). And on said date the Board issued its directive "Accordingly, combination has been made and a new modification promulgated which is a debit of 30.5%". The Board's order directed appellee that the debit modification of 30.5 apply from the effective date of the policy (March 1, 1946) to November 19, 1946. The Board's order is in no way here attacked, and doubtless could not be attacked in this proceeding unless it was, for some reason, absolutely void. Furthermore, it must be assumed, in the absence of anything to the contrary, that the matter acted on by the Board was regularly before it for administrative purposes. Nonetheless, it has been made to appear from the agreed statement of facts, that appellants' individual experience record, upon which the Board promulgated the rate modification debit of 30.5% on October 9, 1946, was appellants' experience record developed on policies of Hartford Accident & Indemnity Company, covering the three-year period from November 19, 1941, to November 19, 1944.

Had appellee followed the Board's order, and endorsed the modification upon the policy, and applied the 30.5% debit, and calculated the unpaid premium upon said modification, the premium account would have showed that appellants owed appellee unpaid premium in the amount of $672.97, more than the amount which appellee actually collected. If the order was valid and binding upon the parties, the legal premium which appellants were bound to pay, as fixed by law, was $672.97 more than was actually paid.

For the purposes of this case, the quality of verity attaches to the Board's modification order of 30.5%. The policy as issued was carrying the risks incident to appellants at a lesser rate than lawfully should have been applied, due to risk reflected by appellants' individual experience record, which showed a higher loss record than the base or manual rates had been adopted to carry. Had appellee applied the modification before it canceled the premium, there could be no question but that appellee would have been bound to collect, and appellants to pay, premium amounting to $672.97, more than was paid. See Brown & Root v. Traders & General Ins. Co., Tex.Civ.App., 135 S.W.2d 534. The compensation insurance carrier, as a matter of law, agrees to collect, and the employer agrees to pay, the lawfully prescribed rate. Id.

Here, up until the time the Board made its modification order, the parties were authorized to proceed upon the basis that appellants' experience record reflected a correct classification of the hazards insured against. But the fact that the Board discovered that it had misclassified the risks, due to ignorance of the heavy loss disclosed by appellants' individual experience record, could not give appellants any vested right to an erroneous classification. The Board did not promulgate any new base rates for application to the risks involved, nor did it prescribe any new method for modifying the base rates to fit the individual risk of appellants. The effect of the correction of the error was merely to allow appellants' individual experience record to catch up with them. See Brown & Root v. Traders & General Ins. Co., Tex.Civ.App., 135 S.W.2d 534.

Since we hold that appellants by their contract agreed to pay the lawfully prescribed rates, and that they had no vested right to erroneously prescribed rates, we believe no purpose would be served to show with respect to each of appellants' points that they are untenable. We overrule the points without further prolonging this opinion.

Judgment affirmed.