**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,**
Appellant,

v.

**CLEMTEX, INC., Appellee.**

**No. C14–90–0546–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 21, 1991.

Rehearing Denied April 18, 1991.

Douglas S. Johnston, Houston, for appellant.

Mark A. Carrigan, John Roberson, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a summary judgment holding that appellant was not entitled to collect additional premiums on an insurance policy. In two points of error, appellant argues that the trial court erred in (1) denying appellant's motion for partial summary judgment that asserted appellee owed additional premiums, and (2) granting appellee's summary judgment that ordered a refund of premiums. We affirm.

On July 1, 1983, appellee purchased a three-year general comprehensive liability insurance policy through appellant's representatives, Alexander and Alexander of Texas. The policy provided for $500,000.00 in coverage with annual premiums of $91,-467.00 and a $3,000.00 deductible. The policy also provided that at the end of each policy period, an earned premium was to be computed based on an audit of appellee's sales for the period. If sales were greater than projected levels, additional premiums would be owed and, if sales were less than projected for the period, then appellant was obligated to return the unearned portion. On May 24, 1984, appellant informed appellee, as authorized by the policy, that the policy would be canceled effective July 1, 1984. On August 6, 1984, appellant notified appellee that an additional $231,146.00 was owed for the year because appellee had been experience rated by the State Board of Insurance pursuant to a general liability experience rating plan. *See* TEX. INS.CODE ANN. art. 5.14 (Vernon Supp.1991). The experience rating is determined through the use of a formula involving the claims history of the insured for a three-year period, excluding the year immediately prior to the policy year. The State Board calculated an experience rating of 2.60 for appellee for the period of June 1983 to June 1984. The experience rating multiplier is used to increase, or decrease, the annual premiums to be paid by the insured. Appellant sent an endorsement to appellee approximately thirty days after the policy was canceled notifying appellee that additional premiums were owed because of the experience rating. Appellee refused to sign or otherwise agree to the endorsement. Following continued refusals to pay the additional premiums, appellant filed suit.

Appellee denied liability for the additional premiums and asserted that it was owed a refund because of its decreased sales. After both parties filed motions for summary judgment on their respective claims, the trial court denied appellant's motion and granted appellee's motion holding that appellant failed to obtain appellee's contractual agreement in the policy concerning the Board's experience rating and that appellee was entitled to a refund because of decreased sales.

In its first point of error, appellant argues that the trial court erred in granting summary judgment because appellant was obligated by State Board of Insurance regulations to charge premiums based on appellee's experience rating. Appellant contends that they are required by law to apply any experience rating calculated by the State Board of Insurance that reflected a poor loss record. Appellant concedes that at the time the policy was issued it was not possible to charge appellee rates based on an experience rating because the rating had not yet been determined for the policy year. However, appellant contends that the policy itself allows retroactive assessment of additional premiums. We disagree.

The policy provides:

All premiums for this policy shall be computed in accordance with *the company's* rules, rates, rating plans, premiums and minimum premiums applicable to the insurance afforded herein. (emphasis added).

"Company" is defined elsewhere in the policy as the National Union Fire Insurance Company. However, appellant asserts that the term "rating plan" in this provision includes the experience rating plan determined by the State Board of Insurance. If the language in an insurance policy is sus-

ceptible of more than one meaning, the policy should be strictly construed against the insurer and liberally in favor of the insured. *Barnett v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 666 (Tex.1987).

Construing this provision against appellant, the premiums contracted for by appellee are only subject to appellant's rating plan. There is no language in the policy providing that the premiums charged may be changed by the State Board of Insurance or that additional premiums could be charged based on any type of rating plan other than appellant's. There was deposition testimony before the trial court that appellant knew that appellee was not experienced rated when the policy was issued. The fact that it was not yet possible to calculate appellee's experience rating because of the one-year lag is irrelevant because appellant failed to include any provision in the policy itself that appellee might be subject to such an increase. An example of such a clause subjecting insurance coverage to possible future experience rating was at issue in *Red River Freight Lines Inc. v. American Fidelity & Casualty Co., Inc.,* 225 S.W.2d 240, 241 (Tex.Civ. App.—Dallas 1949, no writ).

Further, appellant failed to follow the dictates of the State Board's general liability experience rating plan regarding potential premium increases. The plan contains a notification requirement as follows:

> *All policies* on risks qualifying for rating under the Plan *shall be endorsed* to provide for adjustment or modification of the premium rates in accordance with the rules and results produced by the application of the General Liability Experience Rating Plan.

State Bd. of Ins., GENERAL LIABILITY EXPERIENCE RATING PLAN, STATE OF TEXAS, Administrative Rules § 4(a) (1983) (emphasis added). It is undisputed that appellee was not notified of the increased premium until more than a month after appellant canceled the coverage. The plan required appellant to secure an endorsement to the policy before an experience rating could be applied to appellee's coverage. The endorsement sent to appellee on August 6, 1984, over a year after the policy was issued and after its cancellation, does not comport with the prerequisites found in the plan itself.

Appellant argues that, as part of a regulated industry, insurance companies are required by law to charge and to collect the insurance rates prescribed by the State Board of Insurance. Appellant contends that the decision in this case is directly controlled by *Texas Soap Manufacturing Co. v. American Automobile Ins. Co.,* 227 S.W.2d 376 (Tex.Civ.App.—Galveston 1950, writ ref'd n.r.e.). In *Texas Soap,* the appellate court held that an insurance company is required by law to apply an experience modification for workmen's compensation insurance even though the modification was applied retroactively after the policy had been canceled by the insurer. *Id.* at 378.

While the facts of *Texas Soap* are similar to those in the instant case, we find that the language of the current general liability experience rating plan and the insurance policy itself dictates a different result. Here, the plan requires that an endorsement accompany the policy and, further, the policy contains no provision informing appellee that the coverage could be subject to additional premiums. The policy states that the terms of the policy shall not "be waived or changed, except by endorsement issued *to form a part of this policy.*" The Insurance Code provides that every insurance policy shall contain the "entire contract between the parties...." TEX.INS. CODE ANN. art. 21.24 (Vernon 1981). We hold that the insurer should bear the burden when such an endorsement is not included with the initial policy. We overrule appellant's first point of error.

■ In its second point of error, appellant argues that the trial court erred in granting appellee's motion for summary judgment because appellee was not entitled to a refund as a result of the experience rating calculated by the State Board of Insurance. The trial court awarded appellee $16,638.89 as a refund based on decreased sales for the policy period. The policy specifically provided for a refund of

any unearned premium based on an audit of appellee's sales. Indeed, appellant conceded this refund point during oral submission if we ruled against its experience rating argument. Therefore, we find that no genuine issue of material fact existed as to appellee's entitlement to the refund and that the trial court correctly entered judgment for appellee in this regard.

Accordingly, we affirm the summary judgment of the trial court.