TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00336-CV







Southwest-Tex Leasing Company, Inc., d/b/a Advantage Rent-A-Car and d/b/a Premier
Parking; and Walker Resources, Inc., Appellants


v.


Elton Bomer, Commissioner of Insurance; and Texas Workers' Compensation

Insurance Facility, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. 96-00656, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING





 This case arises out of a dispute over a workers' compensation insurance policy. 
Southwest-Tex Leasing Company, Inc., doing business as Advantage Rent-A-Car and Premier Parking,
along with Walker Resources (collectively "Advantage") appeals the trial court's judgment affirming a
decision of the Commissioner of Insurance ("Commissioner"). We will affirm the judgment of the trial
court.


BACKGROUND

 On March 25, 1991, Advantage applied to the Texas Workers' Compensation Insurance
Facility for workers' compensation coverage. (1) Liberty Mutual Insurance, acting as a servicing company
for the Facility, issued a policy to Advantage. Because Advantage did not have an experience rating at the
time it applied for insurance, Liberty Mutual did not base its estimated premium on an experience modifier. (2) 
Instead, Liberty Mutual based its estimate on the Texas Assigned Risk Rating Program (ARRP factor). (3) 
Liberty Mutual then issued an insurance policy effective March 31, 1991, which included the ARRP
endorsement.

 After Liberty Mutual issued the policy, the Texas Department of Insurance (TDI) calculated
Advantage's experience rating (also called an "experience modifier") to be 1.33. The Facility instructed
Liberty Mutual to include the 1.33 experience modifier and a forty-five percent surcharge (4) in the policy,
effective retroactively to March 31, the date of issuance of the policy. In accordance with the Facility's
instructions, Liberty Mutual issued the new endorsement and deleted the ARRP endorsement. This change
in policy terms caused Advantage's premiums to increase. When asked to pay the adjusted amount at the
end of the policy year, Advantage refused. The parties agree that the difference between the two premiums
is $128,141. 

 Advantage asked the Facility to review Liberty Mutual's actions. The Facility decided
Liberty Mutual handled the policy correctly. Advantage then appealed the Facility's decision to the
Commissioner, who has authority to review the Facility's decisions. See Tex. Ins. Code Ann. art. 5.76-2,
§ 2.08. After an evidentiary hearing, an administrative law judge ("ALJ") proposed affirmance of the
Facility's decision. See Tex. Gov't Code Ann. § 2001.062(c) (West Supp. 1997). The Commissioner
adopted the ALJ's recommendation. Advantage appealed to the district court, which affirmed the
Commissioner's decision. See Tex. Gov't Code Ann. § 2001.171 (West Supp. 1997). Advantage now
appeals, by eleven points of error, the district court's judgment upholding the Commissioner's decision.


DISCUSSION

 The Administrative Procedure Act defines the scope of our review of the Commissioner's
order. Tex. Ins. Code Ann. art. 1.33A; see Tex. Gov't Code Ann. §§ 2001.001 - .902 (West Supp.
1997) ("Administrative Procedure Act" or "APA"). We may reverse the order only if Advantage's
substantial rights have been prejudiced because the Commissioner's findings or conclusions are: (A) in
violation of a constitutional or statutory provision; (B) in excess of the agency's statutory authority; (C)
made through unlawful procedure; (D) affected by other error of law; (E) not reasonably supported by
substantial evidence; or (F) arbitrary or capricious. APA § 2001.174(2). Advantage contends certain
findings and conclusions are generally "erroneous" or are supported by "no evidence." We construe
Advantage's points of error as complaining that the findings and conclusions are affected by "error of law"
or not supported by "substantial evidence." See id. § 2001.174(2) (D) & (E).

 In point of error one, Advantage argues the Commissioner erred in adopting Finding of
Fact 8 because it is not supported by substantial evidence. Finding of Fact 8 reads as follows:


On April 29, 1991, TDI promulgated an experience rating modification of 1.33 for
Advantage. At TDI's instruction, Liberty Mutual, on May 15, 1991, issued an
endorsement that added the 1.33 experience modifier and the 45 percent surcharge
required by TDI rules, and deleted the ARRP factor, effective March 31, 1991.



Substantial evidence is that which reasonable minds could have viewed as supporting the finding. See
Texas State Bd. of Dental Examiners v. Sizemore, 759 S.W.2d 114, 116 (Tex. 1988). In evaluating
the record, we do not substitute our judgment for the Commissioner's. Id. We are concerned only with
the reasonableness of findings, not their correctness. Id. at 117. Advantage carries the burden of
demonstrating an absence of substantial evidence. Id. at 116.

 We conclude the finding is properly supported. A witness for Advantage testified that the
modifier was promulgated six to eight weeks after the effective date of the policy. Furthermore, an
experience rating form file-marked with an April 29, 1991, date is attached in the record to an affidavit of
the Facility's custodian of records. The form reflects that Advantage was assigned an experience modifier
of 1.33 to be effective March 31, 1991. A letter admitted in evidence also establishes that TDI
corresponded with the Facility about the proper course of action to take when a risk whose premium is
originally calculated with an ARRP factor subsequently receives an experience rating. Liberty Mutual's
deletion of the ARRP factor and addition of the experience modifier and surcharge was in accordance with
the TDI letter. We hold these documents and the testimony of Advantage's witness constitute substantial
evidence because they reasonably support Finding of Fact 8. Accordingly, we overrule point of error one.

 In its second point of error, Advantage argues Finding of Fact 9 is not supported by
substantial evidence. Finding of Fact 9 reads, "Advantage paid the assessed premiums and did not cancel
its policy, but did not agree to or sign the endorsement." Advantage admits it paid the premium it originally
contracted for and admits it did not cancel its policy. Advantage argues, however, that the finding does
not specify the endorsement to which it refers. Advantage does not explain how the alleged lack of
specificity affects the validity of the Commissioner's decision.

 In any event, the finding of fact undoubtedly refers to the experience modifier/surcharge
endorsement, which caused the dispute, not the endorsements to which Advantage admits it originally
agreed. We must construe the Commissioner's order reasonably and harmoniously as a whole in order
to give effect to the intent reflected in the order. See All Star Sheet Metal and Roofing, Inc. v. Texas
Dept. of Ins., 935 S.W.2d 186, 188 (Tex. App.--Austin 1996, no writ). Finding of Fact 8, which
immediately precedes Finding of Fact 9, references only the experience modifier/surcharge endorsement. 
The two findings, when read in the context of the dispute and when read in order, establish that the
Commissioner referenced the experience modifier/surcharge endorsement in Finding of Fact 9. We,
therefore, reject Advantage's argument about the lack of specificity in the finding. We further hold that the
finding is supported by substantial evidence because none of the evidence presented at trial shows
Advantage ever agreed to application of the experience modifier/surcharge endorsement. We overrule
point of error two.

 In point of error six, Advantage argues the Commissioner committed an error of law in
adopting Conclusion of Law 4, which reads as follows: "Advantage's policy specifically referred to the
Department's manuals and was not ambiguous concerning their applicability." Advantage contends the
contract was ambiguous as to whether it was subject to TDI rules. We review the Commissioner's
determination of this legal issue de novo. See In re Humphreys, 880 S.W.2d 402, 404 (Tex.), cert.
denied, 115 S. Ct. 427 (1994); Texas Workers Compensation Ins. Facility v. State Bd. of Ins., 894
S.W.2d 49, 52 (Tex. App.--Austin), judgment withdrawn and appeal dism'd, 910 S.W.2d 176 (Tex.
App.--Austin 1995, no writ).

 The policy stated "[t]he premium for this policy will be determined by our Manuals of
Rules, Classifications, Rates and Rating Plans." The Texas Amendatory Endorsement included in the policy
defined "our manuals" as "manuals approved or prescribed by the State Board of Insurance." The contract
was not ambiguous and was clearly subject to TDI manuals. The Commissioner did not commit an error
of law in so concluding and we overrule point of error six.

 In point of error eight, Advantage contends Conclusion of Law 6 is not supported by
substantial evidence. Conclusion of Law 6 states, "The Department's Experience Rating and ARRP
manuals support the Facility's retroactive application of an effective date to an experience modifier." The
Commissioner interprets TDI rules as allowing the retroactive application of an experience modifier that
is calculated after the effective date of the policy. The Commissioner's interpretation of the TDI rules is
evidenced in the record by (1) the letter from TDI to the Facility discussing the consequences of
retroactively applying an experience modifier and surcharge, and (2) the fact that the Commissioner argued
for such an interpretation before the ALJ. The Commissioner relies upon Rule IV(3)(a) of the "Experience
Rating Manual," which was admitted in evidence and was quoted in Finding of Fact 16. Because both the
rule and the Commissioner's interpretation of it are reflected in the record, we hold Conclusion of Law 6
is supported by substantial evidence. Accordingly, we overrule Advantage's eighth point of error.

 In its ninth and tenth points of error, Advantage contends the Commissioner committed an
error of law in adopting Conclusions of Law 7 and 8. The conclusions read as follows:


7. Under the Department's ARRP Manual, when an experience modifier is applied, the
ARRP factor is to be deleted.


8. The Facility and Liberty Mutual properly applied the experience rating modification
and surcharge to Advantage's policy and deleted the ARRP factor.



Advantage essentially contends the Commissioner erred in upholding the deletion of the ARRP factor in
accordance with TDI rules, because, according to Advantage, the contract did not provide for the deletion
of the ARRP factor.

 The policy requires deletion of the ARRP factor upon retroactive application of the
experience modifier to the inception date of the policy. The contract expressly refers to the ARRP manual. 
As discussed above, the record reveals that the Commissioner interprets the manual as requiring the
deletion of the ARRP factor when an insurer makes the kind of modification the Facility made here. The
specific rule upon which the Commissioner relies states:


The Assigned Risk Rating Program (ARRP) is a retrospective rating plan which shall apply
to an assigned risk policy, if the audited total standard premium in Texas is at least
$25,000 and an experience rating modification is not applicable as of the effective date of
the policy. This program shall not apply to any policy made subject to an experience rating
modification as of the effective date of the policy.



The Commissioner's interpretation of TDI rules is entitled to deference by the courts. Turner Bros.
Trucking v. Commissioner of Ins., 912 S.W.2d 386, 390 (Tex. App.--Austin 1995, no writ). Nothing
indicates that the exclusionary language is to be applied only when TDI promulgates an experience modifier
before the issuance of a policy. It is reasonable, therefore, for the Commissioner to apply the exclusionary
language even when a modifier is promulgated after the issuance of a policy but applied retroactively.

 Advantage argues we should not defer to the Commissioner's interpretation of the rules
because the rules conflict with other contract provisions. In support of its argument, Advantage quotes the
ARRP endorsement, which states:

This endorsement determines the assigned risk rating program premium for the insurance
provided during the rating plan period by this policy. The rating plan period is the one year
beginning with the effective date of the policy.


* * *


We determine your standard premium based upon authorized rates, including any rate level
differential, loss constants, minimum premiums and any experience rating modification
which may apply after the effective date of the policy. (Emphasis added.) 


According to Advantage, these provisions suggest the ARRP factor was to apply throughout the term of
the policy with no exception because they did not provide for the deletion of the ARRP factor under any
circumstances. (5) 

 We conclude the policy provisions can be harmonized with the Commissioner's
interpretation of the rules. Neither party disputes that the ARRP endorsement "determines the assigned
risk rating program premium." The endorsement, however, is silent as to whether it can be deleted from
the policy or how the Facility should determine the premium after the ARRP endorsement is deleted from
the policy. Moreover, the cancellation provision suggesting that the ARRP factor and an experience
modifier may sometimes apply simultaneously does not contravene the applicable rule. Such a situation
may arise when an experience modifier is promulgated and applied after the effective date of the policy. 
The facts of this case are different from such a situation because the experience modifier was applied, albeit
retroactively, on the effective date of the policy. Reading the rules and the contract provisions
conjunctively, we conclude the terms of the policy are consistent with the TDI rules. Because the rules (1)
supported the deletion of the ARRP endorsement, (2) were incorporated into the policy, and (3) did not
contradict other policy terms, the Commissioner did not err in concluding the Facility properly deleted the
ARRP endorsement. We, therefore, uphold the Commissioner's Conclusions of Law 7 and 8 and overrule
Advantage's points of error nine and ten.

 In points of error three, four, five, and seven, Advantage argues the Commissioner erred
in adopting Findings of Fact 22, 24, and 25 as well as Conclusion of Law 5. The findings read:


22. Given that the Facility provided the only opportunity to purchase workers'
compensation insurance and was required to provide that insurance, it is equitable
that Advantage's policy be subject to the Facility's rules and manuals.


24. Advantage needed to have workers' compensation coverage and would have
accepted coverage whether the policy had originally been issued with the ARRP
factor or with the experience modifier and surcharge.


25. Equity does not favor the granting of Advantage's appeal.



Conclusion of Law 5 reads:



In In Re the Appeal of Major Brand Oil, Inc. from a Decision of the Texas Workers'
Compensation Insurance Facility, Docket No. 454-93-308 (TDI Order issued Jan. 19,
1994), the Commissioner concluded that the Facility's practice of retroactively applying
experience modifiers was justified by its rules and by the traditional meaning of "effective
date" in the insurance industry.



The Commissioner's ultimate decision of law does not expressly rest upon any single finding of fact. We
hold that the findings and conclusions discussed in relation to Advantage's other points of error and the
remaining unchallenged findings support the Commissioner's decision. In other words, Findings of Fact
22, 24, and 25 and Conclusion of Law 5 are not essential to the resolution of this dispute. Irrelevant
findings and conclusions are not fatal to an otherwise properly supported order. See Texas Rivers
Protection Ass'n v. Texas Natural Resource Conservation Comm'n, 910 S.W.2d 147, 155 (Tex.
App.--Austin 1995, writ denied). Consequently, we overrule Advantage's points of error three, four, five,
and seven.

 In point of error eleven, Advantage contends there is not substantial evidence supporting
Conclusion of Law 9, which states "Advantage's appeal should be denied." Advantage argues the point
in conjunction with points six through ten. Point of error eleven does not present anything for review that
is not already presented by the other points of error. Insofar as the point constitutes an attempt to raise
points without discussion of pertinent facts and relevant authorities, we decline to review it. See Tex. R.
App. P. 74(f); Ferguson v. DRG/Colony N., Ltd., 764 S.W.2d 874, 887 (Tex. App.--Austin 1989, writ
denied).


CONCLUSION


 Because Advantage has not established a deficiency in the Commissioner's order, we affirm
the district court's judgment.


 

 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: April 17, 1997

Publish

1. The Texas Workers' Compensation Insurance Facility is a private, non-profit, unincorporated
association of insurers authorized to write workers' compensation insurance in Texas for employers who
are unable to obtain coverage through private insurance companies. See Tex. Ins. Code Ann. art. 5.76-2,
§§ 2.02(2), 4.02(b) (West Supp. 1997). After the Facility determines a company is entitled to coverage,
it calculates premiums in accordance with rules promulgated by the Texas Department of Insurance
("TDI"), formerly known as the State Board of Insurance. See id. art. 1.02(a), 5.76-2, §§ 4.02(b),
4.05(a). The Facility then contracts with one of its member insurers or another eligible entity to become
a servicing company for the Facility. See id. art. 5.76-2, § 4.02(b). A servicing company issues and
services insurance policies for the Facility. Id. art. 5.76-2, § 1.01(15). The Facility and not the servicing
company is the insurer. See Maintenance v. ITT Hartford Group, Inc., 895 S.W.2d 816, 818 (Tex.
App.--Texarkana 1995, writ denied) (pertaining to the Texas Workers Compensation Commission
Assigned Risk Pool, the statutory predecessor to the Facility). A servicing company is liable only as a
reinsurer. Id. The Insurance Code directs servicing companies to issue policies on forms prescribed by
the Facility and dictates that the policies are to be treated exclusively in accordance with rules adopted by
the TDI. See id. art. 5.76-2, § 4.02(a), (b). The TDI has approved several manuals setting forth premium
guidelines. Although these manuals are not published in the Texas Register, they are part of the rules
promulgated by TDI. See id. art. 5.96(a) (West Supp. 1997); see also Texas Workers Compensation
Ins. v. Personnel Servs., 895 S.W.2d 889, 891 n.2 (Tex. App.--Austin 1995, no writ).
2. Normally, two factors are used to assess risk in the calculation of workers' compensation insurance
premiums: (1) employees are classified according to the risk of the work performed and (2) employers
are rated according to their safety records in terms of claims filed. See Aetna Casualty & Surety v. State
Bd. of Ins., 898 S.W.2d 930, 932 n.3 (Tex. App.--Austin 1995, no writ).
3. The ARRP factor is designed to adjust retroactively premiums after the policy expires to reflect the
insured's actual losses during the life of the policy. Rules pertaining to the ARRP factor are set forth in a
TDI manual entitled "Texas Workers Compensation Assigned Risk Rating Program." According to the
manual, the ARRP factor applies only to risks not assigned an experience rating "as of the effective date
of the policy."
4. The TDI's "Mandatory Tabular Surcharge Plan," set forth in another TDI rule, prescribes adding a
forty-five percent premium surcharge for risks assigned a 1.33 experience modifier.
5. Advantage also contends we should construe the policy terms strictly against the Facility, the insurer. 
Advantage cites National Fire Ins. Co. of Pittsburgh v. Clemtex, Inc., 807 S.W.2d 824 (Tex.
App.--Houston [14th Dist.] 1991, writ denied) for support. In Clemtex, the court upheld a judgment that
a general liability insurer was not entitled to recover additional premiums based upon an experience rating
assigned to the insured after the inception of the policy. The court so held in the face of TDI rules allowing
an insurer to increase premiums based on an experience rating assigned after the effective date of the
policy.


 We recognize that, generally, insurance contracts are construed against the insurance company, the
drafter in most cases. See, e.g., Barnett v. Aetna Life Ins. Co., 723 S.W.2d 663, 666 (Tex. 1987). The
court in Clemtex relied upon this principle when the court construed the contract in favor of the insured. 
See Clemtex, 807 S.W.2d at 826. We do not agree that this general rule of contract construction applies
in this case or that the Clemtex decision is dispositive.


 One important difference between Advantage's policy and the policy at issue in Clemtex is that the
latter did not incorporate the applicable TDI rules. The court noted this fact in holding the insurer could
not supplant the contract provisions with contradictory TDI rules not even mentioned in the contract. In
the instant case, the TDI rules were clearly incorporated in the contract. Therefore, Clemtex is inapposite
to this case.


 More importantly, the insurance contract that is the subject of this dispute is not one written in the
ordinary private insurance setting, as was the contract at issue in Clemtex. The Facility, although not a
state agency, is essentially an arm of the State. Compare Turner Bros. Trucking, 912 S.W.2d at 391
(holding the Facility had certain powers, despite fact that statute did not expressly confer those powers,
because Facility does not derive power solely from statute) with American Home Assur. v. Texas Dept.
of Ins., 907 S.W.2d 90, 95 n.8 (Tex. App.--Austin 1995, no writ) (treating Facility as "state agency" for
purposes of deciding whether tax revenues were used for private purposes). The Facility is a statutory
creature created to serve an important public purpose, namely to provide workers' compensation insurance
for those who are otherwise unable to obtain it. As a tool of the State, the Facility is powerless to write
or enforce contracts that contravene TDI rules. See Turner Bros. Trucking, 912 S.W.2d at 391. It
follows that any provision in a policy written by or for the Facility is invalid if it contradicts TDI rules in
effect at the time the policy is written. We note our previous decision in Texas Workers Compensation
Commission v. State Board of Insurance, wherein we required the Facility to honor a contract despite
TDI rules that contradicted the terms of the contract. See 894 S.W.2d at 55. That case differs from the
instant one because the contract at issue in our previous decision was written before the contradictory rules
were promulgated. In this case, the TDI rules were promulgated before the contract was issued and the
rules are specifically referenced in the contract. Therefore, even if we were to hold the contract provisions
conflicted with the TDI rules, we would not conclude that the contract provisions superseded the rules. 
In other words, the fact that this case involves a unique quasi-public relationship rather than the typical
private relationship dictates that we disregard the general rule of contract construction espoused in Clemtex
and attempt, instead, attempt to harmonize the contract with the Commissioner's reasonable interpretation
of TDI rules. 


ording to their safety records in terms of claims filed. See Aetna Casualty & Surety v. State
Bd. of Ins., 898 S.W.2d 930, 932 n.3 (Tex. App.--Austin 1995, no writ).
3. The ARRP factor is designed to adjust retroactively premiums after the policy expires to reflect the
insured's actual losses during the life of the policy. Rules pertaining to the ARRP factor are set forth in a
TDI manual entitled "Texas Workers Compensation Assigned Risk Rating Program." According to the
manual, the ARRP factor applies only to risks not assigned an experience rating "as of the effective date
of the policy."
4. The TDI's "Mandatory Tabular Surcharge Plan," set forth in another TDI rule, prescribes adding a
forty-five percent premium surcharge for risks assigned a 1.33 experience modifier.
5. Advantage also contends we should construe the policy terms strictly against the Facility, the insurer. 
Advantage cites National Fire Ins. Co. of Pittsburgh v. Clemtex, Inc., 807 S.W.2d 824 (Tex.
App.--Houston [14th Dist.] 1991, writ denied) for support. In Clemtex, the court upheld a judgment that
a general liability insurer was not entitled to recover additional premiums based upon an experience rating
assigned to the insured after the inception of the policy. The court so held in the face of TDI rules allowing
an insurer to increase premiums based on an experience rating assigned after the effective date of the
policy.


 We recognize that, generally, insurance contracts are construed against the insurance company, the
drafter in most cases. See, e.g., Barnett v. Aetna Life Ins. Co., 723 S.W.2d 663, 666 (Tex. 1987). The
court in Clemtex relied upon this principle when the court construed the contract in favor of the insured. 
See Clemtex, 807 S.W.2d at 826. We do not agree that this general rule of contract construction applies
in this case or that the Clemtex decision is dispositive.


 One important difference between Advantage's policy and the policy at issue in Clemtex is that the
latter did not incorporate the applicable TDI rules. The court noted this fact in holding the insurer could
not supplant the contract provisions with contradictory TDI rules not even mentioned in the contract. In
the instant case, the TDI rules were clearly incorporated in the contract. Therefore, Clemtex is inapposite
to this case.